UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08**-x **CV  0858**

MARIA ROSE FIORENZA,

           Plaintiff,

          v.

FREMONT INVESTMENT &
LOAN, HSBC BANK USA,
NATIONAL ASSOCIATION,
AS TRUSTEE FOR NOMURA
HOME EQUITY LOAN, INC.
ASSET-BACKED CERTIFICATES,
SERIES 2006-FM2 and GRACE
M. PELLEGRINO, D/B/A GMP
FINANCIAL SERVICES,

           Defendant(s).

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**



-----------------------------------------------------------------------x

    The plaintiff, Maria Rose Fiorenza, by her attorney, David M. Harrison, Esq.,

complaining of the defendants, Fremont Investment & Loan, HSBC Bank USA,

National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed

Certificates, Series 2006-FM2 and Grace M. Pellegrino, d/b/a GMP Financial Services,

respectfully alleges and  sets forth as follows:

### PRELIMINARY STATEMENT

    1.  This Complaint is filed under the Truth In Lending Act, 15 U.S.C. § 1601 et

Seq., to enforce plaintiff's right to rescind a consumer credit transaction, and to void

the security interest in plaintiff's home held by Fremont Investment & Loan and/or

HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc.

Asset-Backed Certificates, Series 2006-FRM2; and to recover actual monetary damages;

statutory damages; reasonable attorney fees and costs, by reason of: **(i)** violation by the

original "lender" to the subject consumer credit transaction, Fremont Investment & Loan,

as set forth by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z,

12 C.F.R. § 226, which implements the act; **(ii)** violation by the original "lender" to the

subject consumer credit transaction, Fremont Investment & Loan, as set forth by

15 U.S.C. § 1639, as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226.31,

12 C.F.R. § 226.32 and 12 C.F.R. § 226.34; **(iii)** violation by the original "lender" to the

subject consumer credit transaction, Fremont Investment & Loan, as well as defendant

Grace M. Pellegrino, d/b/a GMP Financial Services, as codified by Section 349 of the

New York State General Business Law; **(iv)** violation by defendant Grace M. Pellegrino,

d/b/a GMP Financial Services, of Section 589 of the New York State Banking Law.

Plaintiff also seeks monetary damages, including punitive damages, for multiple acts of

fraud on the part of defendant Grace M. Pellegrino, d/b/a GMP Financial Services; and

further, plaintiff seeks rescission of the subject consumer credit transaction, based upon

general principles of equity.  Plaintiff also seeks money damages and/or equitable relief

from defendant HSBC Bank USA, National Association, as Trustee for Nomura Home

Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 as said defendant has

taken numerous measures to collect upon a mortgage loan, including commencement of

a foreclosure action, when, upon information and belief, said mortgage and/or mortgage

loan has loan has not been validly assigned to said defendant; and/or has not been

properly recorded.

## JURISDICTION

2.   Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), as well as 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  The Court has authority to issue a declaratory judgment, by virtue of 28 U.S.C. § 2201.

3.   The Court has Supplemental Jurisdiction over the Plaintiff's State law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

**Plaintiff:**

4.   The plaintiff, Maria Rose Fiorenza, is a natural person, residing at 1336 Gillespie Avenue, Bronx, New York.  Plaintiff is the owner of said residential real property.

**Defendants:**

5.   The defendant, Fremont Investment & Loan, hereinafter referred to as "defendant Fremont", is a foreign corporation, authorized to conduct and/or transact business in New York State.  Defendant Fremont derives substantial revenue from its transactions of business in the State of New York; regularly does or solicits business in the State of New York, with substantial revenue derived from interstate and/or

international commerce therefrom; contracts outside the State of New York to supply goods and services within the State of New York, having reasonable expectations that same will have consequences within the State of New York and/or is otherwise subject to jurisdiction before the Courts of the State of New York.

6.  Defendant Fremont regularly engages in the making of mortgage loans, and is therefore subject to the Truth In Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R § 226, which implements the act.

7.  The defendant, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, hereinafter referred to as "defendant HSBC",  is a foreign limited liability company, duly licensed, or otherwise so authorized to do business in the State of New York. Defendant HSBC derives substantial revenue from its transactions of business in the State of New York; regularly does or solicits business in the State of New York, with substantial revenue derived from interstate and/or international commerce therefrom; contracts outside the State of New York to supply goods and services within the State of New York, having reasonable expectations that same will have consequences within the State of New York and/or is otherwise subject to jurisdiction before the Courts of the State of New York.

8.  Defendant HSBC regularly serves as an assignee of lenders which regularly engage and/or have regularly engaged in the making of mortgage loans, and is therefore subject to the Truth In Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as

Federal Reserve Board Regulation Z, 12 C.F.R § 226, which implements the act.  As an

assignee to mortgage loans from said lenders, defendant HSBC is also subject to the Truth

In Lending Act.

9.   The defendant, Grace M. Pellegrino, d/b/a GMP Financial Services,

hereinafter referred to as "defendant GMP", is a sole proprietor conducting business in

the State of New York.  Defendant GMP derives substantial revenue from its transactions

of business in the State of New York; regularly does or solicits business in the State of

New York, with substantial revenue derived from interstate and/or international

commerce therefrom; contracts outside the State of New York to supply goods and

services within the State of New York, having reasonable expectations that same will

have consequences within the State of New York and/or is otherwise subject to

jurisdiction before the Courts of the State of New York.

10.   Defendant GMP is licensed as a "mortgage broker" by the New York State

Banking Department.  Defendant GMP served in such capacity at all times herein

mentioned.

11.   Defendant GMP regularly engages in the origination of mortgage loans and

serves as an intermediary between prospective borrowers and lenders engaging in the

making of mortgage loans.  Its duties include processing loan applications and processing

documents essential to the creation of these loans.  Defendant GMP, as a mortgage

broker, is subject to the Truth In Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as

well as Federal Reserve Regulation Z, 12 C.F.R. § 226, which implements the act.

12.   The original lender to the subject consumer credit transaction, defendant

Fremont issued a mortgage loan to plaintiff Maria Rose Fiorenza on May 11, 2006, in

the amount of $634,500.  This mortgage is secured by plaintiff's residential property

located at 1336 Gillespie Avenue, Bronx, New York 10461.  Defendant Fremont, as

the lender to said mortgage loan, and the original "holder" to the mortgage, thereafter

allegedly assigned said mortgage, and all rights to collect therefrom, to defendant HSBC.

13.   Defendant Fremont made a predatory mortgage loan to plaintiff based upon a

variety of false, fraudulent and deceptive acts and statements upon which the plaintiff

relied.  Defendant Fremont knowingly engaged in conduct which completely violated the

applicable disclosure requirements mandated by the Truth In Lending Act, as set forth by

15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226,

which implements the act; including 15 U.S.C. § 1640; Regulation Z § 226.17 and

Regulation Z § 226.19(b).  Defendant GMP knowingly engaged in conduct which was

knowingly fraudulent and deceptive, in connection with the origination and processing of

the subject loan; and further, defendant GMP received a "mortgage broker fee" which

was drastically disproportionate in relation to services provided upon the subject loan,

in violation of the dictates imposed by New York State Banking Law Section 589.  The

conduct engaged in by defendants Fremont and GMP, in connection with the origination,

processing and consummation of the subject loan were materially misleading, knowingly

deceptive, and unlawful, and as such, constituted violations of the New York State

Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State

General Business Law; and further, defendants' conduct with respect to the creation of the

subject mortgage loan involved several fraudulent misrepresentations and concealment of

material facts. Despite defendants Fremont and GMP acting to plaintiff's detriment,

defendants saw fit to direct plaintiff to pay defendant GMP a "broker's fee" approximating

$12,690.00 which was clearly excessive and disproportionate to services provided by

said defendants, and as such represented a violation of New York State Banking Law

Section 589. Defendants HSBC, as an alleged assignee of the mortgage loan rendered by

defendant Fremont, assumes liability for all Truth In Lending Disclosure violations herein

set forth, including 15 U.S.C. § 1640; Regulation Z § 226.17; and Regulation Z § 226.19(b).

14.    Defendant HSBC has never taken proper steps to record the "alleged"

assignment of the subject mortgage to it from defendant Castle Point. To date, the

subject "assignment" has yet to be recorded with the County Clerk, County of Bronx,

or any other like entity. As such, defendant HSBC does not have standing to undertake

any enforcement measures against plaintiff Maria Rose Fiorenza concerning the subject

loan.


### STATUTORY AND REGULATORY FRAMEWORK


15.    This case arises under the Truth in Lending Act, as dictated by 15 U.S.C. §

1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226, which

implements the act; New York State General Business Law Section 349, also known

as the New York State Deceptive Acts and Practices Statute; New York State Banking

Law Section 589.

16.   The Truth In Lending Act provides relief to a borrower, in the form of monetary damages and rescission, by reason of a lender's failure to accurately disclose a variety of financing information.  The statute also provides such relief to a borrower should a lender fail to comply with mandated rescission/cancellations procedures, as set forth by Regulation Z.

17.   New York State General Business Law Section 349, also known as the New York State Deceptive Acts and Practices Statute, prohibits deceptive acts or practices in the conduct of any business, trade or commerce, or in the provision of any service; and provides, *inter alia*, for money damages, injunctive relief, and attorney fees for its violation.

18.   New York Banking Law Section 589 , by its language, is designed to "ensure that the mortgage lending industry is operating fairly, honestly and efficiently, as well as free from deceptive and anti-competitive language".  This statute protects consumers, in that it seeks to enforce reasonable standards governing the actions and conduct of mortgage lenders and their agents.

## STATEMENT OF FACTS

19.   In or about January of 2006, plaintiff Maria Rosa Fiorenza was "cold called" and solicited by defendant GMP, to refinance existing mortgages held by Delta Funding Corporation and The Stillwater Asset Backed Fund, LP, which were secured by plaintiff's residential property located at 1336 Gillespie Avenue, Bronx, New York.

20. Plaintiff was advised by defendant GMP that she could obtain a "lower rate" of interest and "get a good deal" on a refinancing of the mortgages currently existing on plaintiff's residential premises.

21. Plaintiff was also advised by defendant GMP that she could obtain a mortgage loan with a "fixed" rate of interest.

22. At the time of said solicitation, plaintiff Maria Rose Fiorenza was the sole individual on the deed to plaintiff's residential premises located at 1336 Gillespie Avenue, Bronx, New York. Plaintiff was also the sole individual named as a "borrower", in connection with the mortgages at that time held by Delta Funding Corporation and The Stillwater Asset Backed Fund, LP , secured by plaintiff's residential premises.

23. Pursuant to the representations made by defendant GMP to the plaintiff, plaintiff Maria Rose Fiorenza provided defendant GMP thereafter with her existing income information. Plaintiff also executed tax income/income record authorizations for the purpose of allowing release of such information.

24. Plaintiff was thereafter advised by defendant GMP, by telephone, that plaintiff qualified for a refinancing which would consist of a mortgage loan with a "fixed" rate of interest, which would be secured by plaintiff's residential premises located at 1336 Gillespie Avenue, Bronx, New York.

25. Plaintiff was also told by defendant GMP that said proposed mortgage refinancing would result in satisfaction of plaintiff's existent mortgage balances; as well as significant "cash out". Plaintiff was also advised by defendant GMP that her new mortgage would involve lower monthly payments than that existing on plaintiff's current

mortgage obligations, at a reduced rate of interest.

26.   Plaintiff was further advised by defendant GMP that plaintiff's existent income status would enable her to remain current on the proposed loan, which, in turn, would subsequently provide plaintiff with the option of a further refinancing which would result in another loan with even more favorable payment terms.

27.   Pursuant to said representations made to plaintiff by defendant GMP, the plaintiff, Maria Rose Fiorenza, agreed to proceed on the proposed mortgage refinancing.

28.   Defendant GMP scheduled plaintiff for a "closing" of said mortgage loan transaction.   This "closing" would consist of plaintiff being presented with numerous documents for her execution.  The scheduled date of this "closing" was May 11, 2006.

29.   At no time prior to the date of closing of the subject transaction (May 11, 2006) was the plaintiff ever presented with any documents concerning the nature or status of the subject mortgage loan transaction;

30.   At no time prior to the date of closing of the subject transaction (May 11, 2006) was the plaintiff ever presented with any documents concerning the terms of the subject mortgage loan transaction.

31.   That on May 11, 2006, at premises commonly known and designated as 500 Old Country Road, Garden City, New York, plaintiff Maria Rose Fiorenza was presented with multiple documents for their execution, in connection with the subject transaction.

32.   The documents which were provided to plaintiff Maria Rose Fiorenza at the time of "closing" of the subject mortgage loan included the following: **(i)** Document

entitled "MORTGAGE" (with a document annexed entitled "ADJUSTABLE RATE

RIDER"), dated May 11, 2006; **(ii)** "Document entitled "ADJUSTABLE RATE NOTE",

dated May 11, 2006; **(iii)** Document entitled "SETTLEMENT STATEMENT" (also

entitled "U.S. Department of Housing and Urban Development Statement", and

hereinafter referred to as "the HUD Statement"), dated May 11, 2006; **(iv)** Document

entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT (marked

"Final"), dated May 11, 2006

    33.   The document entitled "MORTGAGE" described plaintiff Maria Rose

Fiorenza as the **"Borrower"** to the subject loan.  This document also described defendant

Fremont as the **"Lender"** to the loan.

    34.   The document entitled "MORTGAGE" evidenced the subject mortgage loan

to be issued by defendant Fremont to plaintiff as consisting of a principal loan balance of

**$634,500.00**, "plus interest and other amounts that may be payable".

    35.   The document entitled "MORTGAGE" also made reference to an annexed

document described "ADJUSTABLE RATE RIDER".

    36.   The document entitled "ADJUSTABLE RATE NOTE" stated that in return

for the loan that plaintiff was receiving from defendant Fremont, plaintiff promised to pay

**$634,500.00** as "principal", "plus interest to the order of Lender".  This document

referenced defendant Fremont as the "Lender".

    37.   The document entitled "ADJUSTABLE RATE NOTE" stated that pursuant

to the terms of the subject mortgage loan: "Interest will be charged on unpaid principal until

the full amount of Principal has been paid".  Plaintiff was obligated to pay interest on the

subject loan at a yearly rate of **9.00 %**.  This interest rate was subject to change, pursuant to "Section 4 of this Note."

38.   The document entitled "ADJUSTABLE RATE NOTE" also set forth  plaintiff's initial monthly payments as **$5,105.34**.  The document added that such a payment amount "may change".

39.   The document entitled "ADJUSTABLE RATE NOTE" stated that the interest rate which plaintiff was obligated to pay "may change on the first day of **June 1, 2008**, and on that day every six month thereafter".  Each date on which plaintiff's interest rate could change was described as a "Change Date".

40.   The document entitled "ADJUSTABLE RATE NOTE" stated that beginning with the first "Change Date", plaintiff's interest rate would be based on an "Index".  The "Index" would be "the average of interbank offered rates for six month U.S. Dollar-denominated deposits in the London market ("LIBOR") as published in the Wall Street Journal.

41.   The document entitled "ADJUSTABLE RATE NOTE" stated that the most recent Index figure available as of the first business day of the month immediately preceding the month in which the "Change Date" occurs would be called the "Current Index".

42.   The document entitled "ADJUSTABLE RATE NOTE" further contained the following language: "Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and Seven Hundred Seventy-Nine Thousandths** percentage points  (**6.7790%**)to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (**0.125%**).  Subject to the limits

stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date".

43.   The document entitled "ADJUSTABLE RATE NOTE" stated that the interest rate that plaintiff would be "required to pay at the first Change Date will not be greater than **11.000%** or less than **9.000%**". Plaintiff's interest rate thereafter "will "never be increased or decreased on any single Change Date by more than **1.500** from the rate of interest" plaintiff would have been paying for the preceding period.

44.   The document entitled "ADJUSTABLE RATE NOTE" stated that plaintiff's interest rate would "never be greater than **15.000%.**or less than **9.000%**".

45.   The document entitled "ADJUSTABLE RATE RIDER" stated that plaintiff's interest rate on the subject mortgage loan "provides for an initial interest rate of **9.000%**". This document further stated that plaintiff's interest rate "may change on the first date of **June 1, 2008**, and on that day every sixth month thereafter."

46.   The document entitled "ADJUSTABLE RATE RIDER" stated that each date on which plaintiff's interest rate could change would be referred to as a "Change Date". Beginning with the first "Change Date", plaintiff's interest rate would be based on an "index". The document described the "index" as "the average of interbank offered rates for six month U.S. dollar denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

47.   The document entitled "ADJUSTABLE RATE RIDER" stated to plaintiff that

"Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and Seven Hundred Seventy-Nine Thousandths** percentage points to the Current Index.   The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (**0.125%**).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date"

48.   The document entitled "ADJUSTABLE RATE RIDER" stated that the interest rate that plaintiff would be "required to pay at the first Change Date will not be greater than **11.000%** or less than **9.000%**".  Plaintiff's interest rate thereafter "will "never be increased or decreased on any single Change Date by more than One And One-half percentage points (**1.500%**)" from the rate of interest plaintiff would be paying "for the preceding 6 months".

49.   The document entitled "ADJUSTABLE RATE RIDER" stated that plaintiff's interest rate would "never be greater than **15.000%** or less than **9.000%**".

50.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" provided to plaintiff Maria Rose Fiorenza on the date of "closing" of the subject transaction, indicated that it was the "FINAL" version of such document.

51.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" "stated that the "**ANNUAL PERCENTAGE RATE**" of the subject mortgage loan (described as "The cost of your credit at a yearly rate") was **11.618**%.

52.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" stated that the "**FINANCE CHARGE**" of the subject mortgage loan (described as "The dollar amount the credit will cost you") was **$1,680,024.24**.

53.    The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" stated that the "Amount Financed" on the subject mortgage loan (described as "The amount of credit provided to you or on your behalf") as **$616,977.30**.

54.    The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT"" stated that the "Total of Payments" of the subject mortgage loan (described as "The amount you will have paid after you have made all payments as scheduled") as **$2,297,001.54**.

55.    The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" set forth a "payment schedule".  This schedule reflected that the first **24** payments would involve monthly amounts of **$5,105.34**.  The next **6** payments would involve monthly amounts of **$6,013.33**.  The next **330** payments would involve monthly amounts of **$6,479.98**.  The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" contained the language: "Your loan contains a Variable Rate Feature.  Disclosures about the Variable Rate Feature have been provided to you Earlier".

56.    The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" stated that plaintiff would be giving a security interest in "real property you already own . . .", located at 1336 Gillespie Avenue, Bronx, New York 10461.

57.    The HUD Statement received by plaintiff on the date of "closing" of the subject loan transaction described defendant Fremont as the "Lender" to the loan.

58.    The HUD Statement set forth the various charges assessable against the loan. Included within the section entitled "Settlement Charges" was the following: **(i)** "Mortgage

Broker Fee to GMP Financial Services in the amount of **$12,690.00**. This "fee" was paid by the plaintiff from the proceeds of the subject loan.

59.  The HUD Statement also reflected that a "Processing Fee" was paid to defendant GMP, in the amount of **$275.00**. This fee was paid by the plaintiff from the proceeds of the subject loan.

60.  The HUD Statement further reflected that the "Total Settlement Charges" assessed in connection with the subject loan transaction was **$41,237.69**. This amount was paid by the plaintiff from the proceeds of the subject transaction.

61.  The HUD Statement reflected a "Disbursement" to "Ocwen Federal Bank", in the amount of **$278,697.17**. This amount was paid by the plaintiff from the proceeds of the subject transaction.

62.  The HUD Statement reflected a "disbursement" to "Stillwater", in the amount of **$310,152.55**. This amount was paid by the plaintiff from the proceeds of the subject transaction.

63.  The HUD Statement evidenced the following terms: "Loan Amount": **$634,500**; "Total Settlement Charges": **$41,237.69**; and "Total Disbursements to Others": **$588,849.72**.

64.  The HUD Statement further evidenced that the amount of "cash out" which the plaintiff received in connection with the subject transaction amounted to **$4,412.59**.

65.  Plaintiff was not presented with any "loan application" documentation on the date of closing, including any completed "Uniform Residential Loan Application" form; and had never executed a like document prior to the date of said closing.

66.   Plaintiff had never been presented with any completed "loan application" documentation prior to the date of closing, including any completed "Uniform Residential Loan Application" form.

67.   Plaintiff had never represented, either verbally or by written disclosure, to either defendant Fremont, or any of the defendants, that her base employment monthly income approximated the income figure which was represented by defendant GMP to defendant Fremont, as said income figure was entirely contrary to the income information previously provided by plaintiff to defendant GMP.

68.   Defendant GMP knowingly and fraudulently inflated plaintiff's income as a means to enable plaintiff to qualify for the subject mortgage financing subsequently issued by defendant Fremont.

69.   Plaintiff executed 4506 and W-9 forms/tax record authorizations which permitted defendants  Fremont and GMP to obtain her tax record information evincing her applicable income information.

70.   Defendant Fremont failed to process said 4506 and W-9 forms; and failed to undertake any measures to verify the income information provided by defendant GMP.

71.   Plaintiff was not represented at the closing of said mortgage loan by an attorney, pursuant to the advisement of defendant GMP.

72.   Plaintiff was first provided with information concerning the Adjustable Rate status of the subject loan on the date of closing

73.   Plaintiff did not receive any Adjustable Rate Mortgage disclosure prior to the date of closing of the subject mortgage loan transaction.

74.   Defendant GMP reiterated to plaintiff on the date of closing, and thereafter, that the terms of the subject loan were as favorable as plaintiff could receive, given plaintiff's existent credit status.

75.   Defendant GMP reiterated to plaintiff on the date of closing, and thereafter, that plaintiff could further qualify for a subsequent refinancing with more favorable loan terms within one year of the date of consummation of the subject transaction, by remaining current on the subject loan.

## AS AND FOR A FIRST CAUSE OF ACTION

76.   In the course of the subject consumer credit transaction between defendant Fremont and the plaintiff herein, defendant Fremont completely violated the applicable disclosure requirements set forth within the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

77.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont provide plaintiff Maria Rose Fiorenza with an Adjustable Rate Mortgage brochure and/or other detailed Adjustable Rate Mortgage information, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

78.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with information identifying

the index to which interest rate changes were to be described to the subject note/loan, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

79.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any source of information concerning the index to the subject note/loan, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

80.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any explanation of how the interest rate and payment on the subject loan were to be determined, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

81.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any statement suggesting that plaintiff ask for the current margin value and interest rate applicable to the subject loan, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

82.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of

defendant Fremont, provide plaintiff Maria Rose Fiorenza with any information concerning any interest rate discount feature applicable to the subject loan; nor did defendant Fremont provide plaintiff with any documents containing any statement suggesting that plaintiff ask for the amount of the applicable interest rate discount, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z § 226.19(b).

83.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any information concerning the frequency of applicable interest rate and payment adjustments concerning the subject loan, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z §  226.19(b).

84.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any statement and/or information suggesting that the subject consumer credit transaction constituted an adjustable rate interest loan, as mandated by the Truth In Lending Act, including those procedures dictated by Regulation Z # 226.19(b)

85.   That by reason of defendant Fremont's refusal and/or failure to provide Adjustable Rate Mortgage disclosure prior to the date of closing of the subject mortgage loan transaction, as mandated by the Federal Truth In Lending Act, the plaintiff, Maria Rose Fiorenza, make claim, pursuant to U.S.C. § 1635, for the following relief:

**(i)** rescission/cancellation of the subject mortgage loan/and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank, USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2., during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiffs' property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, as well as the costs of this action, pursuant to 15 U.S.C. § 1640(a).


## AS AND FOR A SECOND CAUSE OF ACTION

86.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; as if fully set forth herein.

87.   In the course of the consumer credit transaction between defendant Fremont and plaintiff herein, defendant Fremont violated numerous provisions of the

Truth In Lending Act and Regulation Z, including the applicable disclosure requirements.

88.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any Truth In Lending Statement and/or Truth In Lending information, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

89.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any information concerning the "Annual Percentage Rate" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

90.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza, with any information concerning the "Finance Charge" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

91.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont, or any agents, servants, employees and/or representatives of defendant Fremont,  provide plaintiff Maria Rose Fiorenza with any information concerning the "Amount Financed" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

92.   That at no time prior to the "date of closing" of the subject transaction did defendant Fremont. or any agents, servants, employees and/or representatives of defendant Fremont, provide plaintiff Maria Rose Fiorenza with any information concerning the "Total Number of Payments" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

93.   That by reason of defendant Fremont's refusal and/or failure to provide Truth In Lending Disclosure prior to the date of closing of the subject mortgage loan transaction, as mandated by the Federal Truth In Lending Act, plaintiff Maria Rose Fiorenza makes claim, pursuant to U.S.C. § 1635, for the following relief:

**(i)** rescission/cancellation of the subject mortgage loan/and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning

plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, as well as the costs of this action, pursuant to 15 U.S.C. § 1640(a).

## AS AND FOR A THIRD CAUSE OF ACTION

94.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; and "86" through "92"; as if fully set forth herein

95.   The actions taken by defendants Fremont and GMP, in connection with the processing of the subject mortgage loan were known by said defendants to likely mislead the plaintiff, who were acting reasonably under the circumstances then and there existing, in that defendant GMP's misrepresentations as to plaintiffs' income status at that time; and said defendants' mischaracterization of material terms set forth within the HUD Statement were knowingly deceptive, and unlawful, and as such, constituted violations of the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law.

96.   Defendant GMP knowingly inflated plaintiff's income within disclosure provided by it to defendant Fremont, as the resultant loan was based on plaintiff earning a yearly income figure which was well in excess of the income information previously provided by plaintiff to defendant GMP.

97.   Defendant GMP had knowingly significantly inflated plaintiff's income

within the "Uniform Residential Loan Application" as a means to ensure that plaintiff would qualify for the subject loan, as plaintiff's actual income status at that time would not have been sufficient to otherwise enable plaintiff to obtain said financing.

98.   Defendant GMP knowingly misrepresented to the plaintiff that she would receive significant cash out following the closing of the subject loan.  Defendant GMP knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; as well as to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

99.   Defendant GMP knowingly misrepresented to plaintiff that her income would enable her to qualify for the subject financing; and that plaintiff could subsequently thereafter qualify for an additional refinancing with even more favorable loan terms. Defendant GMP  knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; as well as to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

100.   Defendant GMP knowingly misrepresented to plaintiff that the subject loan terms were the most favorable terms which plaintiff could receive, given her then existent credit status.  Defendant GMP  knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; as well as to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

101.  Defendant GMP knowingly misrepresented to plaintiff that she could further qualify for even more favorable loan payment terms by remaining current on the subject loan transaction for a period of six months.  Defendant GMP knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; as well as to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

102.  Defendant Fremont, as well as defendant GMP, knowingly failed to provide plaintiff with Adjustable Rate Disclosure prior to the date of "closing" of the subject mortgage loan, as mandated by the Truth In Lending Act, for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

103.  Defendant Fremont, as well as defendant GMP, knowingly failed to provide plaintiff with Truth In Lending Disclosure prior to the date of "closing" of the subject mortgage loan, as mandated by the Truth In Lending Act, for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; aand to dissuade the plaintiff from exploring other loan opportunities available to her at that time.

104.  The actions undertaken by defendants Fremont and GMP. in connection with their material concealment of facts relating to the subject loan, as well as defendants' failure to provide plaintiff with mandated Truth In Lending Disclosure prior to the date of the subject closing, were  materially misleading and knowingly deceptive,

in that such actions were designed by said defendants to prevent the plaintiff from learning and/or realizing the detrimental nature of the subject loan, and to dissuade the plaintiff from canceling or rescinding the subject mortgage loan, as well as to convince plaintiff to forego other loan opportunities available to her at that time.

105.    That actions taken by defendants Fremont and GMP involved conduct which said defendants knew were materially misleading and knowingly deceptive, and as such, constituted a violation of the New York State Deceptive Acts and Practices Statute, as codified by General Business Law Section 349.

106.    That by reason of said material misdisclosures, the plaintiff, Maria Rose Fiorenza, makes claim, pursuant to The New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law, for the following relief: **(i)** rescission/cancellation of the subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 during the pendency of this action, and permanently thereafter, from instituting, prosecuting,

or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

## AS AND FOR A FOURTH CAUSE OF ACTION

107.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; "86"  through "92 and "94" through "105", as if fully set forth herein.

108.    That by reason of the knowingly deceptive and unlawful actions undertaken by defendants Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, which were known by said defendants to likely mislead the plaintiff, who was acting reasonably under the circumstances then and there existing, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, for monetary damages, pursuant to the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law; in an amount to be determined at trial; and a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

## AS AND FOR A FIFTH CAUSE OF ACTION

109.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; "86" through "92"; "94" through "`105" and "107", as if fully set forth herein.

110.   The "broker fee", in the amount of $12,690.00, payable to defendant GMP, from the proceeds of the subject loan, was known by defendants Fremont and GMP to be excessive, in that it was drastically disproportionate to the services time and/or degree of expertise rendered by defendant GMP.

111.   The "broker fee", in the amount of $12,690.00, payable to defendant GMP, from the proceeds of the subject loan, was known by defendants Fremont and GMP to be excessive, in that it was drastically disproportionate to the services time and/or degree of expertise rendered by defendant GMP, and as such constituted a violation of New York State Banking Law Section 589.

112.   Defendants Fremont and GMP, in charging plaintiff with said mortgage "broker fee" payable by the plaintiff from the proceeds of the subject loan, did not operate fairly, honestly and efficiently, and acted deceptively in assessing said fee for services rendered by GMP, in connection with the subject mortgage loan.

113.   Defendants Fremont and GMP also acted unfairly, dishonestly and inefficiently in assessing plaintiff with an additional "Processing Fee" to defendant GMP,

in the amount of $275.00, which was payable to defendant GMP, by the plaintiff, from the proceeds of the subject loan, despite plaintiff having already been assessed with said "broker fee" in the amount of $12,690.00.

114.    That by reason of the unfair, dishonest and inefficient conduct perpetrated by defendants Fremont Investment & Loan and defendant Grace M. Pellegrino, d/b/a GMP Financial Services, in connection with services allegedly rendered by defendant GMP, the plaintiff, Maria Rose Fiorenza, makes claim for money damages, pursuant to Section 589 of the New York State Banking Law, against defendants Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, in an amount to be determined at trial; and a reasonable attorney fee, pursuant to the dictates of the New York State Banking Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

115.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; "86" through "92"; "94" through "105"; "107" and "109" through "113", as if fully set forth herein.

116.    The actions taken by defendants Fremont and GMP, in connection with the processing of the subject mortgage, as well as with respect to services rendered on the loan, were designed to designed to prevent plaintiff from exploring other borrowing opportunities which defendants knew were more favorable to the plaintiff.

117. Defendants Fremont and GMP knew that the amount of moneys assessed for the "broker fee", in the amount of $12,690.00; and all "settlement charges" enumerated within the HUD Statement, were excessive; and that the subject loan ultimately failed to provide the plaintiff with any net tangible benefit. As such, defendants misrepresented to the plaintiff that the subject mortgage loan was beneficial to her.

118. Defendant GMP was fully aware that plaintiff's actual income status at the time of application for the subject loan was not sufficient to enable plaintiff to qualify for the mortgage.

119. Defendants Fremont and GMP knowingly ignored the information concerning plaintiff's income which was provided by the plaintiff herein; while refusing to act upon tax record authorizations duly executed by plaintiff, which were provided to defendants Fremont and/or GMP.

120. Defendant GMP significantly inflated plaintiff's income within disclosure documents provided to defendant Fremont, so as to enable plaintiff to show the income necessary in allowing her to qualify for the subject loan.

121. Defendant GMP knowingly misrepresented to the plaintiff that she would receive significant cash out following the closing of the subject loan. In reliance upon said representation, plaintiff Maria Rose Fiorenza agreed to commit to and/or proceed with the subject loan transaction.

122. Defendant GMP knowingly misrepresented to plaintiff that her income would enable her to qualify for the subject financing; and that plaintiff could subsequently thereafter qualify for an additional refinancing with even more favorable loan terms.

In reliance upon said representation, plaintiff Maria Rose Fiorenza agreed to commit to and/or proceed with the subject loan transaction.

123.   Defendant GMP knowingly misrepresented to plaintiff that the subject loan terms were the most favorable terms which plaintiff could receive, given her then existent credit status.  In reliance upon said representation, plaintiff Maria Rose Fiorenza agreed to commit to and/or proceed with the subject loan transaction.

124.   Defendant GMP knowingly misrepresented to plaintiff that she could further qualify for even more favorable loan payment terms by remaining current on the subject loan transaction for a period of six months.  In reliance upon said representation, plaintiff Maria Rose Fiorenza agreed to commit to and/or proceed with the subject loan transaction.

125.   The misrepresentations made by defendants Fremont and GMP, as well as their concealment of facts from plaintiff, concerning the nature and status of the subject mortgage loan; including having refused to provide plaintiff with any adjustable rate disclosure and/or Truth In Lending Disclosure prior to the date of the subject closing, were relied upon by plaintiff, to her detriment, and resulted in plaintiff agreeing to commit to and/or proceed with the subject loan transaction, while also convincing plaintiff to forego exercising her right to cancel the loan; while also foregoing other borrowing/loan opportunities which defendants Fremont and GMP knew were available to the plaintiff at that time

126.   Defendants Fremont and GMP were entirely aware that the "broker fee" in the amount $12,690.00; as well as the "processing" fee paid to defendant GMP by the plaintiff, from the proceeds of the subject loan, were excessive, given the nature

of the services actually rendered by defendant GMP, in connection with a loan which

merely constituted a refinancing of a previous mortgage to which plaintiff was a party.

Defendants Fremont and GMP were entirely aware that said broker fee paid to defendant

GMP was unfair and to plaintiff's detriment, in that it drastically reduced the amount of

moneys which plaintiff received at consummation of the loan.

127.   All of the misrepresentations and concealment of material facts engaged

in by defendants Fremont and GMP, their agents, servants, employees and/or

representatives, were intended to deceive and defraud plaintiff, and/or prevent plaintiff

from discovering defendants' fraudulent misrepresentations and/or fraudulent scheme,

and plaintiff relied on these misrepresentations and concealment of material facts to

her detriment.

128.   The fraudulent misrepresentations and fraudulent concealment of material

facts rendered by defendants Fremont and GMP prevented plaintiff from conducting

meaningful exploration of more favorable loan opportunities available to her at the time

of consummation of the subject mortgage loan.

129.   Plaintiff, but for said defendants' fraudulent representations and fraudulent

concealment of material facts, would not have proceeded with efforts to make payments

on said loan, which the plaintiff has not been able to maintain payment upon, resulting in

damage to plaintiff's credit; and impairment of title to their real property.

130.   That by reason of the fraudulent misrepresentations and concealment of

material facts rendered by defendants Fremont Investment & Loan and Grace M. Pellegrino,

d/b/a GMP Financial Services, the plaintiff, Maria Rose Fiorenza, has sustained actual

damages of at least ONE MILLION DOLLARS and XX/00 ($1,000,000.00) DOLLARS;
wrongful impairment of title to their property; and damage to her credit in an amount not
fully known or ascertainable.

131.   That plaintiff has suffered constant depression anxiety, loss of sleep and stress
as a result of having been victimized by defendants' fraud.

132.   That upon information and belief, the plaintiff is entitled to compensatory
damages in an amount to be determined by the trier of fact.

133.   That upon information and belief, the gross, wanton and willfully fraudulent
conduct of defendants Fremont and GMP, their agents, servants, employees and/or
representatives, were not only morally evil and reprehensible, as it has affected the plaintiff,
but it is also part of a pattern of predatory lending directed at vulnerable segments of the
public.

134.   That by reason of the gross, wanton and willfully fraudulent conduct
directed to the plaintiff, as well as vulnerable segments of the public, and in order to both
punish defendants, their agents, servants, employees and/or representatives, from engaging
in the same or similar conduct in the future, the plaintiff, Maria Rose Fiorenza, demands
an award of punitive damages in the amount of TEN MILLION and XX/100
($10,000.000.00) DOLLARS against  the defendants, Fremont Investment & Loan
and Grace M. Pellegrino, d/b/a GMP Financial Services, jointly and individually

135.   That by reason of defendant' fraudulent concealment of material information
and terms essential to the processing of the subject loan, as well as defendants' fraudulent
conduct and misrepresentations made in connection with the subject mortgage loan, the

plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment &
Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, both jointly and individually,
for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100
($1,000,000.00) DOLLARS; for compensatory damages in an amount to be determined by
the trier of fact; and for punitive monetary damages, in the amount of TEN MILLION and
XX/100 ($10,000,000.00) DOLLARS.


## AS AND FOR A SEVENTH CAUSE OF ACTION


136.   That the plaintiff repeats and realleges each and every allegation set forth in
Paragraphs "1" through "84"; "86" through "92"; "94" through "105"; "107"; "109"
through "113"; and "115" through "134", as if fully set forth.

137.   The fraudulent misrepresentations and material concealment of facts  made
by defendants Fremont and GMP, in connection with the processing and closing of the
subject loan, as well as the disclosure of its terms, constituted inequitable and
unconscionable conduct, by which the plaintiff has been victimized.

138.   Plaintiff is entitled to cancellation/discharge and/or rescission of the subject
loan, based upon general principles of equity.

139.   That by reason of the fraud, inequity, and unconscionable conduct rendered
by defendants Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial
Services, the plaintiff, Maria Rose Fiorenza, makes claim for the following relief:

**(i)** rescission/cancellation of the subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

140.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; "86" through "92"; "94" through "105"; "107"; "109" through "113"; "115" through "134" and "136" through "138", as if fully set forth.

141.    That the plaintiff, Maria Rose Fiorenza, had provided and/or authorized

defendant Fremont with all information within her possession concerning her existent employment income at the time of her application for financing, including pay stubs, W-2 forms and tax return documents.

142.   That the plaintiff, Maria Rose Fiorenza, executed employment income authorization forms in connection with the subject consumer credit transaction, which consisted of Request for Verification of Employment Forms and 4506 Tax Record income authorizations.  These authorizations enabled defendant Fremont to verify plaintiff's employment income information which had been provided by defendants Fremont and/or GMP.

143.   That the employment income authorizations executed by the plaintiff, Maria Rose Fiorenza, consisting of Request for Verification of Employment Forms and 4506 Tax Record income authorizations, were duly executed and provided by plaintiff to defendant GMP.  These authorizations were in turn provided by said defendant to defendant Fremont.

144.   That defendant Fremont completely failed to act upon said employment authorizations.

145.   That as a result of defendant Fremont's failure to verify plaintiff's employment income or status, defendant Fremont was negligent in the underwriting of the subject consumer credit transaction, as well as the subsequent approval of plaintiff's subject loan application, as plaintiff's actual income at that time was entirely insufficient to allow her to qualify for the subject financing.

146.   That this action falls within one or more of the exceptions set forth in

C.P.L.R. 1602.

147.   That by reason of defendant Fremont's negligence in the underwriting of the subject consumer credit transaction, as well as the subsequent approval of plaintiff's subject loan application, the plaintiff, Maria Rose Fiorenza, makes claim against defendant Fremont Investment & Loan for actual monetary damages, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A NINTH CAUSE OF ACTION

148.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "84"; "86" through "92"; "94" through "105"; "107"; "109" through "113"; "115" through "134"; "136" through "138"; and "140" through "146", as if fully set forth.

149.   That the alleged assignment of the subject mortgage loan from defendant Fremont to defendant HSBC has, upon information and belief, never been documented, effectuated and/or recorded in the County Clerk, County of Bronx, or with any like entity.

150.   That defendant HSBC has wrongfully attempted to collect payments from the plaintiff on the subject transaction, pursuant to an alleged assignment which has never been validly documented, effectuated and/or recorded in the County Clerk,

County of Bronx, or with any like entity.

151.  That defendant HSBC commenced a foreclosure action against the plaintiff, in connection with plaintiff's default on the subject loan, at which time said defendant admitted within its suit papers filed that the alleged assignment of the loan from defendant Fremont to defendant HSBC had not been recorded.

152.  That at no time prior to the commencement of this action has defendant HSBC provided the plaintiff with any evidence establishing a documented, effectuated and/or recorded assignment of the subject loan from defendant Fremont to defendant HSBC.

153.  That as defendant HSBC has not documented, effectuated and/or recorded the alleged assignment of the subject mortgage from defendant Fremont, the subject "assignment" must be deemed invalid.

154.  That as defendant HSBC has not documented, effectuated and/or recorded its alleged assignment of the subject mortgage from defendant Fremont, the subject assignment is thereby invalidated; and defendant HSBC is estopped from collecting moneys from the plaintiff on the subject loan transaction and/or enforcing the subject mortgage.

155.  That by reason of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 having failed to document, effectuated and/or record the alleged assignment of the subject mortgage from defendant Fremont, the plaintiff, Maria Rose Fiorenza, makes claim, for the following relief: **(i)** termination of any security interest in plaintiff's residential

premises created for defendant HSBC Bank USA, National Association as Trustee for

Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2;

**(ii)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for

Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 during the

pendency of this action, and permanently thereafter, from instituting, prosecuting, or

maintaining foreclosure proceedings on the plaintiff's residential premises, and from

recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking

any steps to deprive plaintiff of her ownership interest of the subject residential premise;

**(iii)** a reasonable attorney fee.


## AS AND FOR A TENTH CAUSE OF ACTION


156.   That the plaintiff repeats and realleges each and every allegation set forth

In Paragraphs "1" through "84"; "86" through "92"; "94" through "105"; "107"; "109"

through "113"; "115" through "134"; "136" through "138"; "140" through "146";

and "148" through "154", as if fully set forth herein.

157.   That defendant HSBC improperly commenced a foreclosure action against

the plaintiff, Maria Rose Fiorenza, despite having failed to record the document,

effectuate and/or record the alleged assignment of the subject loan by defendant Fremont.

158.   That the actions taken by defendant HSBC have resulted in irreparable

damage to plaintiff's credit standing.

159.   That plaintiff has suffered constant depression anxiety, loss of sleep and stress as a result of defendant HSBC wrongfully commencing a foreclosure action against her, which could result in loss of ownership of her property.

160.   That upon information and belief, the plaintiff is entitled to compensatory damages from defendant HSBC, by reason of said defendant's improper actions to enforce said mortgage, despite not having a validly documented, effectuated and/or recorded the alleged assignment.

161.   That by reason of the improper actions of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, taken to enforce payment obligations on the plaintiff herein, in connection with the subject mortgage loan transaction, the plaintiff, Maria Rose Fiorenza, makes claim against the defendant, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100  ($1,000,000.00) DOLLARS; and for compensatory damages in an amount to be determined by the trier of fact

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested prayed that this Court

**(A).**   Assume jurisdiction of this case;

**(B)**  Upon the FIRST CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza,

makes claim against the defendants, Fremont Investment & Loan and HSBC Bank USA,

National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed

Certificates, Series 2006-FM2, pursuant to U.S.C. § 1635, for the following relief:

**(i)** rescission/cancellation of the subject mortgage loan/and/or rescission of this

transaction; **(ii)** termination of any security interest in plaintiff's residential premises

created for defendant Fremont Investment & Loan, and thereafter assigned to defendant

HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc.

Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any

money or property given by the plaintiff to any party, in connection with the subject

mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan

proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC

Bank, USA, National Association as Trustee for Nomura Home Equity Loan, Inc.

Asset-Backed Certificates, Series 2006-FM2., during the pendency of this action, and

permanently thereafter, from instituting, prosecuting, or maintaining foreclosure

proceedings on the plaintiff's residential premises, and from recording any deeds or

mortgages concerning plaintiffs' property, or from otherwise taking any steps to

deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable

attorney fee, as well as the costs of this action, pursuant to 15 U.S.C. § 1640(a).

    **(C)** Upon the SECOND CAUSE OF ACTION, the plaintiff, Maria Rose

Fiorenza, makes claim against the defendants, Fremont Investment & Loan and

HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan,

Inc. Asset-Backed Certificates, Series 2006-FM2, pursuant to U.S.C. § 1635, for the

following relief: **(i)** rescission/cancellation of the subject mortgage loan/and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont and thereafter assigned to defendant HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, as well as the costs of this action, pursuant to 15 U.S.C. § 1640(a).

**(D)** Upon the THIRD CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, pursuant to The New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law, for the following relief: **(i)** rescission/cancellation of the

subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, under this Transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

    **(E)** Upon the FOURTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services for monetary damages, pursuant to the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law; in an amount to be determined at trial; and a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

**(F)**  Upon the FIFTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, for money damages, pursuant to Section 589 of the New York State Banking Law, against defendants Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, in an amount to be determined at trial; and a reasonable attorney fee, pursuant to the dictates of the New York State Banking Law.

**(G)**  Upon the SIXTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and Grace M. Pellegrino, d/b/a GMP Financial Services, both jointly and individually, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100 ($1,000,000.00) DOLLARS; for compensatory damages in an amount to be determined by the trier of fact; and for punitive monetary damages, in the amount of TEN MILLION and XX/100 ($10,000,000.00) DOLLARS.

**(H)**  Upon the SEVENTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendants, Fremont Investment & Loan and HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, for the following relief: **(i)** rescission/ cancellation of the subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Fremont Investment & Loan, and thereafter assigned to defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., Asset-

Backed Certificates, Series 2006-FM2, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiffs of their ownership interest of that residential premise; **(vi)** a reasonable attorney fee.

**(I)** Upon the EIGHTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendant, Fremont Investment & Loan, for actual monetary damages, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

**(J)** Upon the NINTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendant, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, for the following relief: **(i)** termination of any security interest in plaintiff's residential premises created for defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-

FM2; **(ii)** enjoinment of defendant HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of the subject residential premise; **(iii)** a reasonable attorney fee.

**(K)** Upon the TENTH CAUSE OF ACTION, the plaintiff, Maria Rose Fiorenza, makes claim against the defendant, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100 ($1,000,000.00) DOLLARS; and for compensatory damages in an amount to be determined by the trier of fact

**(L)** the costs, interest and disbursements of this action; and for such other and further relief as to this Court may seem just and proper.

Dated: Brooklyn, New York
        January 21, 2008

Yours, etc.

**DAVID M. HARRISON, ESQ.**
Attorney for Plaintiff
MARIA ROSE FIORENZA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201

(718) 243-2109
Bar No.: DH6188

By: _____
David M. Harrison, Esq.

UNITED STATES DISTRICT COURT        Civil Action No.:
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------------------------

MARIA ROSE FIORENZA,

Plaintiff,

v.

FREMONT INVESTMENT & LOAN, HSBC BANK USA,
NATIONAL ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED
CERTIFICATES, SERIES 2006-FM2 and GRACE M.
PELLEGRINO, D/B/A GMP FINANCIAL SERVICES,

Defendants.

-------------------------------------------------------------------------------------------------------------

## COMPLAINT

-------------------------------------------------------------------------------------------------------------

**DAVID M. HARRISON, ESQ.**
Attorney for the Plaintiff
MARIA ROSE FIORENZA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

-------------------------------------------------------------------------------------------------------------

PLEASE TAKE NOTICE:
  [ ] Notice of Entry
    that the within is a (certified) true copy of Order            duly entered in the office of the clerk of the within
named court on
  [ ] Notice of Settlement

    that an order            of which the within is a true copy
  will be presented for settlement to the HON      one of the judges of the
  within named Court, at
  on         19   at     M.
     Dated,             Yours, etc.