UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA ROSE FIORENZA,

          Plaintiff(s),

-against-

FREMONT INVESTMENT & LOAN, HSBC BANK U.S.A., NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2, and GRACE M. PELLEGRINO, d/b/a GMP FINANCIAL SERVICES,

          Defendant(s).

**ANSWER**

Case No.: 08-CV-0858
(DF) (SAS)

---

Defendants, FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2 (collectively referred to herein as "Answering Defendants"), by and through their attorneys, KNUCKLES & KOMOSINSKI, P.C., as and for their answer to the Plaintiffs' complaint, hereby alleges as follows:

FIRST: Paragraph "1" of Plaintiff's complaint contains Plaintiff's description of the instant action and demand for relief and therefore requires no response by Answering Defendants. To the extent a response is required, Answering Defendants deny each and every allegation contained in Paragraph "1" of Plaintiff's complaint.

SECOND: Denies each and every allegation contained in Paragraphs "2-3," "5," "13," "15," "29-30," "41," "46," "48," "60," "64," "67," "70," "72-73," "76-85," "87-93,"

"95," "102-106," "108," "110-114," "116-117," "119," "125-135," "137-139," "141," "143-147," "150," "154-155," and "157-161" of Plaintiff's complaint.

THIRD:  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "4," "7-11," "14," "19-28," "31," "65-66," "68-69," "71," "74-75," "96-101," "118," "120-124," "142," "149," "152-153," "117-118," and "190" of Plaintiffs' complaint.

FOURTH:  Paragraphs "16-18" of Plaintiff's complaint are merely statements of law and do not require a response from Answering Defendants.  To the extent a response is required Answering Defendants deny each and every allegation contained therein.

FIFTH:  Admits the allegations contained in Paragraphs "12," "33-40," "42-45," "47," "49-57," of Plaintiff's complaint.

SIXTH:  Repeats and realleges with the same force and effect as previously contained herein each and every allegation contained in Paragraphs "86," "94" "107," "109," "115," "136," "140," "148," and "156" of Plaintiff's complaint.

SEVENTH:  Denies knowledge or information sufficient to form a belief as to the allegation contained in Paragraph "32" of Plaintiff's complaint, except asserts that all disclosures were properly made.

EIGHTH:  Admits the allegations contained in Paragraphs "59-59" of Plaintiff's complaint, except denies knowledge or information sufficient to form a belief as to whether the respective items were paid by the plaintiff from the proceeds of the subject loan.

NINTH:   Admits the allegations contained in Paragraph "63" of Plaintiff's complaint, except denies that the "Total Settlement Charges" were $41,237.69.

TENTH:   Admits the allegations contained in Paragraph "151" of Plaintiff's complaint, except denies that HSBC admitted that the assignment had not been recorded, but asserts that the foreclosure complaint states that the assignment is "to be recorded."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ELEVENTH:   That each cause of action fails to state a claim upon which relief may be granted against Answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWELFTH:   That any alleged injury suffered by Plaintiff was caused in whole or in part by the actions or inactions of the Plaintiff or others but not by any alleged acts or omissions of Answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTEENTH:  That Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FOURTEENTH:  That Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTEENTH:  That Plaintiff's claims are barred by the doctrines of estoppel, res judicata, and/or collateral estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTEENTH:  That Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SEVENTEENTH:  That Plaintiff's failure to make legally sufficient tender bars relief sought in the complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

EIGHTEENTH:  That the Truth in Lending Act does not provide for the relief sought in Plaintiff's complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

NINETEENTH:  To the extent there are any disclosure violations under TILA, which is expressly denied, said violations are within the tolerances for error established by TILA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTIETH: To the extent there are any disclosure violations under TILA, which is expressly denied, said violations were the result of a bonafide error and are therefore not actionable under TILA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: That the TILA violations alleged by Plaintiff are not apparent on the face of the loan documents and, therefore, Plaintiff may not maintain an action for damages, civil penalties and attorney fees against Answering Defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: That Plaintiff's claims are barred by the statute of frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: That Plaintiff has not sustained any compensable damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: That Plaintiff has failed to mitigate her damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: That Plaintiff has failed to plead fraud with particularity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:  That neither Answering Defendants nor its agents or employees made any misrepresentations to Plaintiff.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:  That the alleged misrepresentations, if any, were made by the mortgage broker without the knowledge or consent of Answering Defendants, and can not be attributed or imputed to Answering Defendants.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:  That Answering Defendants did not act in a manner likely to mislead a reasonable consumer acting reasonably under the circumstances.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:   That Plaintiff did not act as a reasonable consumer and did not act reasonably under the circumstances in connection with the origination of the loan that is the subject of this action.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTIETH:  That Plaintiff's claim pursuant New York State General Business Law §349 is preempted by federal law.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

THIRTY-FIRST: That Plaintiff's claim pursuant to TILA is time-barred.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

THIRTY-SECOND: That Plaintiff's claim pursuant to RESPA is time-barred.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

THIRTY-THIRD: That this Court should abstain from hearing the instant action in the interest of comity as Plaintiff has sought to bring the identical claims in a foreclosure action commenced by Defendant HSBC in the New York State Supreme Court for the County of Kings.

### AS AND FOR A FIRST CROSS-CLAIM

THIRTY-FOURTH: Assuming arguendo that damages are awarded against Answering Defendants, then in such event, such damages were caused solely by the acts, omissions and/or conduct of the other named parties in this action against whom Answering Defendants demand judgment.

**WHEREFORE**, Defendants FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2, demand judgment on the complaint as follows:

1. Dismissing the complaint in its entirety;

2. on the first cross-claim, judgment for indemnification and contribution against the co-defendants; and

3. such other and further relief as the court deems just and proper, together with reasonable attorney fees, costs, and disbursements of this action.

Dated:   Tarrytown, New York
         April 4, 2008

_/s/ Kenneth J. Flickinger_
KENNETH J. FLICKINGER, ESQ. (KJ-1179)

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 4, 2008, a true and correct copy of the foregoing Answer was served on the parties listed below in accordance with the Southern District's Procedures for Electronic Case Filing, whereby the electronic filing of a document constitutes service, or by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in - a post office - official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as indicated below.

**Steven Stutman, Esq.**
**Attorney for Defendants Grace M.**
**Pellegrino d/b/a GMP Financial Services**
500 Old Country Road, Suite 105
Garden City, New York
(via Regular Mail)

**David Harrison, Esq.**
**Attorney for Plaintiff**
48 Willoughby Street
Brooklyn, New York 11201
(via ECF)

KENNETH J. FLICKINGER (KJ-1179)
KNUCKLES & KOMOSINSKI, P.C.
ATTORNEYS FOR DEFENDANTS
FREMONT INVESTMENT & LOAN and
HSBC BANK U.S.A. NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN, INC.,
ASSET-BACKED PASS THROUGH
CERTIFICATES SERIES 2006-FM2
220 White Plains Road, 6th Floor
Tarrytown, NY 10591
(914) 220-0155