UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA ROSE FIORENZA,

                        Plaintiff(s),

       -against-                                  Case No.: 08-CV-0858
                                                         (DF) (SAS)

FREMONT INVESTMENT & LOAN, HSBC BANK U.S.A., NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2, and GRACE M. PELLEGRINO, d/b/a GMP FINANCIAL SERVICES,

                        Defendant(s).


MEMORANDUM OF LAW IN SUPPORT OF DEFEDANTS FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**KNUCKLES & KOMOSINSKI, P.C.**
KENNETH J. FLICKINGER, ESQ. (KJ-1179)
Attorneys for Defendants
FREMONT INVESTMENT & LOAN and
HSBC BANK U.S.A. NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN, INC.,
ASSET-BACKED PASS THROUGH
CERTIFICATES SERIES 2006-FM2
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
Telephone: (914) 220-0155
Facsimile: (914) 366-0080

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii-iii

PRELIMINARY STATEMENT..............................................................................................1

STATEMENT OF FACTS.......................................................................................................3

STANDARD OF REVIEW......................................................................................................5

ARGUMENT............................................................................................................................6

    I.    PLAINTIFF'S CLAIMS FOR DAMAGES FOR ALLEGED VIOLATION OF THE TRUTH IN LENDING ACT ARE BARRED BY THE STATUTE OF LIMITATIONS...............................................................................................6

    II.    PLAINTIFF'S CLAIM FOR AN EXTENDED RIGHT TO RESCIND THE LOAN PURSUANT TO 15 U.S.C. § 1635 IS BARRED BY THE DOCTRINE OF ISSUE PRECLUSION.....................................................................................7

    III.    DISMISSAL OF PLAINTIFF'S FEDERAL STATUTORY CLAIMS SHOULD RESULT IN DECLINATION OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ALLEGED STATE LAW CLAIMS.............................................10

    IV.    PLAINTIFF'S ENTIRE ACTION SHOULD BE DISMISSED AS AGAINST DEFENDANT HSBC PURSUANT TO THE DOCTRINE OF CLAIM PRECLUSION...............................................................................................11

CONCLUSION......................................................................................................................13

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                     **PAGE**

Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).....................5

Allen v. McCurry, 449 U.S. 90 (1980)..........................................................................8

American Mortgage Network, Inc. v. Shelton, 486 F.3d 815 (4th Cir. 2007)............10

Atl. Mut. Ins. Co. v. Balfour Maclame Int'l Ltd., 968 F.2d 196 (2d Cir. 1992)..........5

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007).........................5

Cardiello v. Money Store, Inc., 2001 U.S. Dist. LEXIS 7107
(S.D.N.Y. June 1, 2001)..................................................................................................7

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614,
98 L.Ed.2d 720 (1988)..................................................................................................10

Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995).............................................................9

Conley v. Gibson, 355 U.S. 41 (1957)............................................................................5

Conopco, Inc. v. Roll Intern., 231 F.3d 82, 87 (2d Cir. 2000).....................................8

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981)....................................12

HSBC Bank U.S.A. v. Fiorenza, No. 13039/2007 (NYS Sup. Ct. Kings Cty).........7

Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911
(2d Cir. June 14, 2007)....................................................................................................6

Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326 (2d Cir. 1997)...........................5

Johnson v. Metrofund, Ltd., 1988 WL 7792, S.D.N.Y. (January 27, 1988)...............9

Maharaj v. Bankamerica Corp., 128 F.3d 94 (2d Cir. 1997).....................................12

Makarova v. U.S., 201 F.3d 110 (2d Cir. 2000)............................................................5

Marcus v. AT&T Corp., 138 F.3d 46 (2d Cir. 1998)..................................................11

O'Brien v. City of Syracuse, 54 N.Y.2d 353 (1981)..................................................12

Robinson v. Gov't of Malaysia, 269 F.3d 133 (2d Cir. 2001).......................................5

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130,

16 L.Ed.2d 218 (1966)................................................................................................11

Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan.,

263 F.3d 196 (2d Cir. 2001).......................................................................................12


**STATUTES**

15 U.S.C. § 1635..................................................................................................1,7-9

15 U.S.C. § 1639........................................................................................................1

15 U.S.C. § 1640..................................................................................................1,6-7

28 U.S.C. § 1367.....................................................................................................2,10

18 U.S.C. § 1951.......................................................................................................10

Fed. R. Civ. P. 12(b)(1).......................................................................................1,5,14

Fed. R. Civ. P. 12(b)(6)..........................................................................................1,14

**PRELIMINARY STATEMENT**

Defendants, FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2 (hereinafter "Moving Defendants"), hereby move this Court for an Order pursuant to Fed. R. Civ. P. 12(b)(1) and (6) dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Moving Defendants, as Plaintiff has failed to bring her claims pursuant to 15 U.S.C. §1601, et seq., specifically 15 U.S.C. §§ 1639 and 1640 within one year as required pursuant to 15 U.S.C. § 1640(e).

Plaintiff's claims pursuant to 15 U.S.C. § 1635 seeking rescission of the subject mortgage and an extended three-year right of rescission for alleged failure to provide Plaintiff with a notice of right to cancel are barred by the doctrines of claim preclusion and issue preclusion, as the identical claims have already been raised, litigated, and adjudicated in the Supreme Court of the State of New York for the County of Kings. Specifically, the New York Court held that "Fiorenza does not dispute that on May 11, 2006, at the closing, she was given a form entitled "Notice of Right to Cancel" which states, in accordance with 15 U.S.C. 1635(a), that she had until May 15, 2006 to cancel the transaction." This finding of the New York State Court was actually and necessarily decided, was essential to its judgment, and Plaintiff had a full and fair opportunity to litigate the issue, which requires that the decision be given preclusive effect in the instant action.

Plaintiff alleges Federal jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 which allows a United States Court to exercise supplemental jurisdiction over state law claims when the United States Court has original jurisdiction over the action, as here where the court has original Federal Question jurisdiction over the Federal statutory claims pursuant to 15 U.S.C. 1601, et seq.  However, as Plaintiff's claims pursuant to 15 U.S.C. 1601, et seq. must be dismissed as set forth herein, this Honorable Court may decline to exercise jurisdiction over the allegedly supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## STATEMENT OF FACTS

Plaintiff Maria Rose Fiorenza ("Plaintiff"), through defendant Grace M. Pellegrino, d/b/a GMP Financial Services ("Pellegrino"), a licensed mortgage broker, applied to defendant Fremont Investment & Loan ("Fremont") for a loan primarily to refinance indebtedness to Ocwen Federal Bank in the amount of $278,697.17, and to Stillwater Private Construction Loan in the amount of $310,152.55. A copy of the residential mortgage application is annexed to the moving papers as **Exhibit "B"**.

Fremont processed the application submitted by Pellegrino on Plaintiff's behalf, and agreed to provide Plaintiff with a loan in the amount of $634,500.00 (the "Loan"), to be secured by a first mortgage on the premises located at 86 Crescent Place, Yonkers, New York 10704 (the "Premises").

As is custom in the warehouse lending industry, Pellegrino selected the settlement agent to represent Fremont at the closing of the loan transaction. In the instant matter, Pellegrino selected Steven W. Stutman, Esq.

Thereafter, on or about May 11, 2006, the Loan closed in the offices of Steven W. Stutman, located at 500 Old Country Road, Garden City, New York. During the closing, Plaintiff executed her evidence of obligation, evidencing indebtedness to Fremont in the amount of $634,500.00 (the "Note"). A Copy of the fully executed Note is annexed to the moving papers as **Exhibit "C"**.

On or about the same date, Plaintiff executed a mortgage in the amount of $634,500.00 (the "Mortgage") conveying a security interest in the Premises to Fremont, a copy of which is annexed to the moving papers as **Exhibit "D"**.

The Note and Mortgage were thereafter sold to defendant HSBC Bank U.S.A., National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Pass Through Certificates Series 2006-FM2 (hereinafter "HSBC").

Plaintiff defaulted on the regular monthly payment due on the Loan for November 1, 2006, and monthly thereafter, leaving an unpaid principal balance of $633,097.96.

HSBC commenced an action to foreclose the Mortgage on or about March 19, 2007. On or about April 12, 2007, Plaintiff interposed an Answer to the complaint for foreclosure of the Mortgage, a copy of which is annexed to the moving papers as **Exhibit "E."**

HSBC thereafter moved for summary judgment against Plaintiff's Answer. Plaintiff opposed the motion for summary judgment, alleging that her default on the Loan was due to a dispute with a building contractor that Plaintiff retained to repair the Premises, and that Plaintiff's inability to make the Mortgage payments resulted from her inability to place renters in the Premises. At no time did Plaintiff make any allegation that her default on the Mortgage was due to alleged misunderstanding or misrepresentation of the terms of the subject loan. A copy of Plaintiff's opposition to HSBC's motion for summary judgment is annexed to the moving papers as **Exhibit "F."**

HSBC's motion for summary judgment in the foreclosure action was granted. A copy of the decision granting HSBC's motion for summary judgment is annexed hereto as **Exhibit "G."**

A judgment of foreclosure and sale was granted to HSBC on or about December 26, 2007. Plaintiff thereafter brought an Order to Show Cause to stay the public sale of

the Premises scheduled for March 3, 2008, to vacate the judgment of foreclosure and sale and for leave to amend the Answer which was opposed and fully briefed, and ultimately denied in a decision by Justice Lucindo Suarez dated March 24, 2008, a copy of which is annexed to the moving papers as **Exhibit "H**."

Plaintiff commenced the instant action seeking, *inter alia*, to rescind the Loan, terminate HSBC's security interest in the Premises, and seeking statutory damages, attorney's fees, and alleged punitive damages.

## STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b) (1), courts must accept as true the factual allegations contained in a complaint. See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citing Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); Atl. Mut. Ins. Co. v. Balfour Maclame Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). A court may also consider evidence beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001) (citing Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000)).

In Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007), the Supreme Court recently abandoned the long-standing precedent that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), (overruled by Bell Atl. Corp., 127 S.Ct. 1955 (2007). Holding that "Conley's 'no set of facts'

-- 5 --

language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S.Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

The Second Circuit has interpreted Bell Atlantic to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *35 (2d Cir. June 14, 2007).

## POINT I

## PLAINTIFF'S CLAIMS FOR DAMAGES FOR ALLEGED VIOLATION OF THE TRUTH IN LENDING ACT ARE BARRED BY THE STATUTE OF LIMITATIONS

1. Plaintiff's Complaint seeks rescission of the Mortgage and damages for alleged violations of TILA, codified at 15 U.S.C. § 1601, et seq.

2. However, as admitted by Plaintiff at paragraph 31 of the Complaint, and as evidenced by the documents included as Exhibits hereto, the closing of the subject loan transaction occurred on May 11, 2006, and funded on or about May 16, 2006.

3. 15 U.S.C. § 1640(e) states in pertinent part "[a]ny action under this section may be brought in any United States district court, or in any other court of competent

-- 6 --

jurisdiction, *within one year from the date of the occurrence of the violation*." (emphasis added).

4.  The language of 15 U.S.C. § 1640(e) is unambiguous in setting a one-year statute of limitations for any action brought thereunder. It is well settled that the "occurrence of the violation" means the date the Plaintiff enters the loan agreement or, in the alternative, when the defendant performs by transmitting the loan funds to the Plaintiffs. Cardiello v. Money Store, Inc., 2001 U.S. Dist. LEXIS 7107 (S.D.N.Y. June 1, 2001). Because the loan in question funded on May 16, 2006, any alleged violation in connection therewith occurred more than one year before the Complaint was filed.

5.  As such, and as Plaintiff has failed to bring an action within one year of the alleged violation, Plaintiff's Complaint for damages pursuant to 15 U.S.C. § 1601, et seq., must be dismissed as it is barred by the applicable statute of limitations.

## POINT II

## PLAINTIFF'S CLAIM FOR AN EXTENDED RIGHT TO RESCIND THE LOAN PURSUANT TO 15 U.S.C. § 1635 IS BARRED BY THE DOCTRINE OF ISSUE PRECLUSION

6.  Plaintiff claims she is entitled to an extended right of rescission of the Loan due to alleged failure to provide Plaintiff with a Notice of Right to Cancel in accordance with 15 U.S.C. § 1635.

7.  However, Plaintiff previously raised this claim in the Supreme Court of the State of New York for the County of Kings in an action entitled HSBC Bank U.S.A.,

-- 7 --

National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates Series 2006-FM2 v. Maria Rose Fiorenza, et al., bearing index number 13039/2007 (the "Foreclosure Action").

8. Under the doctrine of issue preclusion, or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980).

9. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so..." Conopco, Inc. v. Roll Intern., 231 F.3d 82, 87 (2d Cir. 2000).

10. In a decision dated March 24, 2006, Justice Lucindo Suarez rejected Plaintiff's claim that she did not receive a Notice of Right to Cancel in accordance with 15 U.S.C. 1635, stating "Fiorenza does not dispute that on May 11, 2006, at the closing, she was given a form entitled "Notice of Right to Cancel" which states, in accordance with 15 U.S.C. 1635(a), that she had until May 15, 2006 to cancel the transaction." See **Exhibit "H."**

11. A review of Justice Suarez' decision reveals that Plaintiff asserted the identical claim regarding the identical transaction in the Foreclosure Action and was given an opportunity to litigate the issue of whether Plaintiff should be granted an extended three year right to rescind, which claim was explicitly rejected by the court therein. Particularly, Justice Suarez made findings that Fiorenza admitted receipt of the Notice of Right to Cancel, that the notice that was provided was in accordance with 15

U.S.C. § 1635(a), and that Fiorenza therefore had only until May 15, 2006 to cancel the transaction. Thus, the issue of whether Plaintiff has an extended three year right of rescission pursuant to 15 U.S.C. § 1635 has been decided and is therefore barred by the doctrine of issue preclusion.

12. Issue preclusion requires a showing that "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995).

13. As stated above, Plaintiff has already raised the issue of whether she is entitled to an extended three year right of rescission in the Foreclosure Action, the determination of which was necessary to the court's decision, and the issue was decided against Plaintiff after a full opportunity to brief and argue the issue before the court therein. As such, Plaintiff's claim for an extended three year right of rescission pursuant to 15 U.S.C. § 1635 must be dismissed pursuant to the doctrine of issue preclusion.

14. Furthermore, Plaintiff's mere allegation that she was not provided with the Notice of Right to Cancel is insufficient to rebut the presumption of delivery that arises from production of a signed copy of the Notice of Right to Cancel, a copy of which is annexed to the moving papers as **Exhibit "A."** See Johnson v. Metrofund, Ltd. 1988 WL 7792, S.D.N.Y. (January 27, 1988) (plaintiff's mere allegation that she was not informed of her right to cancel until she retained counsel was insufficient to meet the burden of coming forward with evidence of non-delivery).

15. As Plaintiff's claims for damages pursuant to 15 U.S.C. 1601, et seq., is barred by the statute of limitations, Plaintiff's only remaining claim pursuant to the Truth in Lending Act is for alleged rescission pursuant to an allegedly extended three year right of rescission. Notwithstanding the grounds for dismissal of Plaintiff's claims for an extended three year right of rescission set forth above, said claims should also be dismissed based upon Plaintiff's failure to properly plead a cause of action for rescission of the Mortgage, as courts have held that the rescinding party's inability to tender the loan proceeds renders the remedy of rescission inappropriate. See American Mortgage Network, Inc. v. Shelton, 486 F.3d 815 (4th Cir. 2007).

## POINT III

## DISMISSAL OF PLAINTIFF'S FEDERAL STATUTORY CLAIMS SHOULD RESULT IN DECLINATION OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S ALLEGED STATE LAW CLAIMS

16. Plaintiff has asked this Honorable Court to exercise supplemental jurisdiction over Plaintiff's alleged state law claims pursuant to 28 U.S.C. 1367. However, to the extent Plaintiff's Federal Question claims pursuant to 15 U.S.C. 1601, et seq., are dismissed, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

17. The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720

(1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

18.    The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.");

19.    Based upon the foregoing, in the event Plaintiff's claims pursuant to 15 U.S.C. § 1601, et seq., are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's alleged state law claims and dismiss the instant action in its entirety.

## POINT IV

## PLAINTIFF'S ENTIRE ACTION SHOULD BE DISMISSED AS AGAINST DEFENDANT HSBC PURSUANT TO THE DOCTRINE OF CLAIM PRECLUSION

20.    While the doctrine of issue preclusion should serve to bar Plaintiff's claim for an extended three year right of rescission of the Loan against all parties, the doctrine

of claim preclusion should serve to bar Plaintiff's entire action as against defendant HSBC, as Plaintiff raised or could have raised these claims against HSBC in the Foreclosure Action, but failed to do so.

21. "Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

22. "New York employs a 'transactional approach' to res judicata; thus 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan., 263 F.3d 196, 200 (2d Cir. 2001) (citing O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)).

23. Plaintiff clearly had the opportunity to assert the claims made in the instant action against HSBC in the Foreclosure Action. As the claims made in the instant action arise out of the Loan closing, they arise out of the "same transaction or series of transactions" and Plaintiff's failure to raise them in the Foreclosure Action serves to bar her from asserting the claims herein. Based upon the foregoing, Plaintiff's entire action as alleged against defendant HSBC should be dismissed with prejudice.

## CONCLUSION

24.  Plaintiff's claims in the instant action are a last ditch attempt to salvage the Premises from the damages allegedly caused by the building contractor Plaintiff retained to rebuild the Premises as evidenced by Plaintiff's initial allegations in the Foreclosure Action that her inability to make the Mortgage payments was a result of the contractor's failure to complete rebuilding the Premises, which resulted in Plaintiff's inability to place a renter in the Premises, and not a result of any alleged disclosure violations.

25.  As discussed above, Plaintiff's claim for damages pursuant to 15 U.S.C. 1601, et seq., are time-barred.  While Plaintiff's claim for an extended three year right of rescission has already been litigated and decided against Plaintiff and is barred by the doctrine of res judicata, Plaintiff also maintains no 'plausible' claim for rescission of the Loan as Plaintiff has never alleged an ability to repay the principal in order to effect rescission as required, and therefore fails to state a claim upon which relief can be granted.

26.  Based upon the foregoing, and the arguments and exhibits submitted herewith, it is respectfully requested that Plaintiff's Complaint be dismissed in its entirety.

WHEREFORE, FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2 respectfully request that the Court issue an Order pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), dismissing the Complaint of the Plaintiffs for lack of subject matter jurisdiction and failure to state a claim, with prejudice, and for such other and further relief as the Court deems just and proper.

Dated:   Tarrytown, New York
         April 24, 2008

                                      **KNUCKLES & KOMOSINSKI, P.C.**

                                      By: _____
                                      KENNETH J. FLICKINGER, ESQ. (KJ-1179)
Attorneys for Defendants
FREMONT INVESTMENT & LOAN and HSBC BANK U.S.A. NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2006-FM2
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
Telephone: (914) 220-0155
Facsimile: (914) 366-0080