DAVID M. HARRISON, ESQ.
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

MARIA ROSE FIORENZA,                                    Civil Action No.: 08 CV 0858 (DF)(SAS)

      Plaintiff,

   -against-

FREMONT INVESTMENT & LOAN,
HSBC BANK U.S.A., NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN,
INC. ASSET-BACKED PASS
THROUGH CERTIFICATES SERIES
2006-FM2 and GRACE PELLEGRINO,
d/b/a GMP FINANCIAL SERVICES,

      Defendant(s).

----------------------------------------------------------------------x


**MORANDUM OF LAW IN OPPOSITION
TO MOTION OF DEFENDANTS
FREMONT INVESTMENT & LOAN
AND H.S.B.C. BANK U.S.A. NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN, INC.
ASSET-BACKED PASS THROUGH
<u>CERTIFICATES SERIES 2006-FM2</u>**


By:_____
   David M. Harrison, Esq. (DH 6188)
   48 Willoughby Street
   Brooklyn, New York 11201
   (718) 243-2109

## TABLE OF CONTENTS

                                                                           Page

TABLE OF AUTHORITIES ............................................................    i

PRELIMINARY STATEMENT. ....................................................    1

STATEMENT OF THE CASE.......................................................    2


ARGUMENT


I.    DEFENDANTS' CONTENTION THAT PLAINTIFF  HAS FAILED
      TO BRING HER CLAIMS PURSUANT TO 15 U.S.C. § 1601, ET
      SEQ., SPECIFICALLY 15 U.S.C. § 1639 AND 15 U.S.C. §  1640,
      WITHIN ONE YEAR OF THE DATE OF CONSUMMATION OF THE
      SUBJECT LOAN, PURSUANT TO 15 U.S.C. § 1640(E) IS MOOT...................8


II.   PLAINTIFF HAS TIMELY BROUGHT CLAIM FOR RESCISSION,
      OF THE SUBJECT MORTGAGE, PURSUANT TO 15 U.S.C. § 1635...............9


III.  DEFENDANTS' ARGUMENT THAT PLAINTIFF'S RESCISSION
      CLAIMS ARE BARRED BY THE DOCTRINES OF CLAIM
      PRECLUSION AND ISSUE PRECLUSION IS INACCURATE,
      AS JUDGE SUAREZ'S PRIOR ORDER COMPLETELY FAILS
      TO  ADDRESS THE ISSUE OF PLAINTIFF'S EXTENDED
      RIGHT TO RESCIND THE LOAN...........................................................15


IV.   DEFENDANTS' ARGUMENT THAT THE HONORABLE COURT MAY
      DECINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE
      LAW CLAIMS, IS MOOT, AS PLAINTIFF'S CLAIMS BROUGHT
      UNDER THE FEDERAL TRUTH IN LENDING ACT ARE VALID...................20


V.    CONCLUSION .................................................................................21

## TABLE OF AUTHORITIES

Page

**Cases**

Basile v. H&R Block, Inc., 897 F. Supp. 194 (E.D. Pa. 1995)................................9-10

Bial v. Household Fin. Corp., 296 B.R. 828 (D. Kan. 2003)....................................14

Billions v. White & Stafford Furniture Co., Inc., 528 So.2d 878 (Ala. Ct. App. 1988)......18

Bonde v. General Security Ins. Co..of Canada, 55 Misc.2d 588, 285 N.Y.S.2d 675.........19
(SupCt., Albany County, 1967).

Elliot v. ITT Corp., 764 F. Supp. 102 (N.D. Ill, 1991)...........................................14

Eveland v. Star Bank,  976 F.Supp 721 (S.D. Ohio, 1997)......................................14

First Nat'l Bank v. Office of the Comptroller, 956 F.2d 1456 (8th Circuit/1992)...........11

Floyd v. Security Fin. Corp of Nevada, 181 F. Supp 2d 1137 (D. Nev. 2001)...............9-10

Garedakis v. Indymac Bank, 2004 WL 2254676 (N.D. Cal., 2004)...........................14

Gibbons v. Interbank Funding Group, 208 F.R.D. 278 (N.D. Cal. 2002).................... 10

Hopkins v. First NLC  Fin. Services, L.L.C. (In re Hopkins), 2007 WL 1812778
(Bankr.E.D./PA)...............................................................................13

Hunter v. Richmond Equity Corp., Clearinghouse No 43,060 (N.D. Ala 1987).............14

In re Rodrigues, 278 B.R. B.R. 683 (Bankr. D.R.I. 2002).....................................14

Intel Corp. v.Advanced Micro Devices, Inc., 12 F.3 d 908 (9 th Circuit/1993)...............18

Jones v. Saxon Mortgage, Inc., 161 F.2d 2(table), 1998 WL 614150 (4th Circuit, 1998) ...14

Mandracchia v. Russo,53 Misc.2d  1018, 280 N.Y.S.2d 429 (App.T., 2 nd   Dept/1967)... 18

Mcintosh v. Irwin Union Bank & Trust Co., 215 F.R.D. 26 (D. Mass/2003).................14

Mourning v. Family Publications Serv. Inc., 411 U.S. 356, 93 S.Ct 1652 (1973) .............13

Payton v. New Century Mortgage Corp., 2003 WL 22349118 (N.D. Ill/2003)................ 14

Rudd v. Cornell, 171 N.Y. 114, 63 N.E. 823 (1902)..................................................... 18

Schuylkill v. Fuel Corp. v. B & C Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456

(1929).................................................................................................................18-19

Talbert v. F.H.A. Contractors, Clearinghouse No. 44,818 (S.D. Fla. 1988)...................14

Taylor v. Domestic Remodeling, Inc., 97 F.3d 96 (5th Circuit, 1996)...........................14

Thomas v. GMAC Residential Funding Corp., 309 B.R. 453 (D.Md,004)..................... 14

United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 130, 16 L.Ed.2 218 (1966)...........20

Weeden v. Auto Workers Credit Union, Inc., 173 F.3d 857 (6th Circuit/1999)................10

Wessel v. Shelby Fed. Savings & Loan, Clearinghouse No. 49,961 (S.D. Ind. 1992)..........13

Williams v. Empire Funding Corp., 109 F. Supp. 2d 352 (E.D. Pa 2000).......................10

**Statutes**

New York State General Business Law # 349 ....................................................... 6, 7

New York State Banking Law # 589 ......................................................................7

15 U.S.C. § 1601...............................................................................................8,9

15 U.S.C. §  1602(u)..................................................................................... .....11

15 U.S.C. §  1632..............................................................................................11

15 U.S.C. §  1638 ..............................................................................10,11, 16, 19

15 U.S.C. §  1638 ......................................................................................... 10,11

15 U.S.C. § 1638(b) ...........................................................................................9

15 U.S.C. § 1639....................................................................................8,9

15 U.S.C. § 1640....................................................................................8,9

15 U.S.C. § 1640(e).................................................................................8

Regulation Z § 226.15 ........................................................ ... 226.15....10

Regulation Z § 226.15(a)(3)......................................... ... ................10

Regulation Z § 226..17..............................................................................11

 Regulation Z § 226..17(a)............................................................................11

Regulation Z § 226.17(f)........................................................................18

Official Staff Commentary Regulation Z § 226.17(f)-1(i)(A)..................................18

Regulation Z § 226.18....................................................................... ... 11

Regulation Z § 226.18(f)(1).......................................................................11

Regulation Z § 226.19..........................................................................11,12,13

Regulation Z § 226.19(a). .....................................................................11,12

Regulation Z § 226.19(a)(1). ...............................................................10, 11,12

Regulation Z § 226.19(b). ...................................................... .........12, 13

Regulation Z § 226.19(b)(1). ................................................... ......12

Regulation Z § 226.19(b)(2). ................................................ .12, 13

Regulation Z § 226.19(b)(2)(ii)....................................................................13

Regulation Z § 226.19(b)(2)(iii....................................................... ... ......13

Regulation Z § 226.19(b)(2)(iv)..................................................... ... ......13

Regulation Z § 226.19(b)(2)(v)................................................... ... ......13

Regulation Z § 226.19(b)(2)(vi)……………………………………………… ……….13

Regulation Z § 226.23…………………………………………… ……………10,11

Regulation Z § 226.23(a)(1)……………………………………… …………..10

Regulation Z § 226.23(a)(3)…………………………………… …………..11

Regulation Z § 226.17(f) and Official Staff Commentary Regulation Z § 226.17(f)-1(i)(A)...11

**Treatises**

Truth In Lending, National Consumer Law Center/Sixth Edition, by Elizabeth Renuart and

Kathleen Keest (2007)…………………………………………………….......10, 11,12,13


New York Practice, Second Edition, by David Siegel (West Publishing

Company/1991)……………………………………………………………..18, 19, 20

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(1) ……………………………………………… 1
Federal Rules of Civil Procedure Rule 12(b)(1) ……………………………………………… 1

DAVID M. HARRISON, ESQ.
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARIA ROSE FIORENZA,                    Civil Action No.: 08 CV 0858 (DF)(SAS)

                    Plaintiff,

        -against-                       **MEMORANDUM OF LAW
                                        IN OPPOSITION TO MOTION
                                        OF DEFENDANTS FREMONT
FREMONT INVESTMENT & LOAN,              INVESTMENT & LOAN AND
HSBC BANK U.S.A., NATIONAL              H.S.B.C BANK U.S.A. NATIONAL
ASSOCIATION, AS TRUSTEE FOR             ASSOCIATION, AS TRUSTEE
NOMURA HOME EQUITY LOAN,                FOR NOMURA HOME EQUITY
INC. ASSET-BACKED PASS                  LOAN, INC. ASSET-BACKED
THROUGH CERTIFICATES SERIES             PASS THROUGH
2006-FM2 and GRACE PELLEGRINO,          CERTIFICATES SERIES 2006-FM2**
d/b/a GMP FINANCIAL SERVICES,

                    Defendants.

-------------------------------------------------------------------x


## PRELIMINARY STATEMENT


        Plaintiff Maria Rose Fiorenza (plaintiff Fiorenza) respectfully submits this brief

in opposition to the motion brought by defendants Fremont Investment & Loan and

HSBC Bank U.S.A., National Association, as Trustee for Nomura Home Equity

Loan, Inc. Asset-Backed Pass Through Certificate Series 2006-FM2, for: **(a)** an Order

pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing Plaintiffs' Complaint

as against said moving defendants for lack of subject matter jurisdiction; **(b)** an Order

pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon

which relief can be granted and **(c)** such other and further relief as this Court deems

just and proper.

## STATEMENT OF THE CASE

The subject action arises from a non-purchase money mortgage loan issued to

plaintiff Maria Rose Fiorenza ("Fiorenza") by defendant Fremont Investment & Loan

("Fremont"), with a loan principal amount of $634,500.00, secured by plaintiff's

residential premises located at 1336 Gillespie Avenue, Bronx, New York. **This**

**transaction constituted a combined refinancing of two prior mortgages** (held by

Ocwen Federal Bank, in the amount of $278,697.17 and The Stillwater Asset Backed

Fund, LP, in the amount of $310,152.55). **The subject loan resulted in the creation**

**of an Adjustable Rate Mortgage held by Fremont.** The processing of plaintiff's

application for said financing was administered, in part, by a "broker", acting on behalf

of Fremont: defendant Grace M. Pellegrino, D/B/A GMP Financial Services

("Pellegrino"). The date of "closing" of the subject loan, as reflected by documents

received by Fiorenza was May 11, 2006 (Defendants annex a duplicate copy of the

document entitled "Mortgage" to their motion papers)). The subject mortgage, as well as

the underlying Note, was thereafter assigned by Fremont to defendant HSBC Bank U.S.A.,

National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Pass

Through Certificates Series 2006-FM2 ("HSBC").

As set forth in an Affidavit previously executed by Fiorenza (a duplicate copy of which is annexed to defendants' motion papers), neither Fremont nor Pellegrino provided Fiorenza with accurate preliminary disclosure concerning either the adjustable rate nature of the loan; or the loan's resultant material terms, at any time prior to the date of "closing" of the subject loan. Plaintiff asserts that she did not receive any initial disclosure concerning the subject loan's "Annual Percentage Rate"; "Finance Charge"; "Amount Financed"; "Number of Payments" or "Total of Payments"; nor did she receive an "Adjustable Rate Mortgage Brochure", or related Adjustable Rate disclosures prior to said "closing" date.

Furthermore, when Fiorenza brought application for the subject financing, she did so on the premise that she was receiving a "fixed rate" loan. This is plainly evidenced by the document entitled "Uniform Residential Loan Application", exchanged by Fremont upon Fiorenza at the "closing". This document, prepared by Pellegrino, on behalf of Fremont, plainly evidences Fiorenza's intention to bring application for a loan containing a "fixed" rate of interest (Plaintiff's Exhibit "1").

Fiorenza fell into default on the subject loan, following consummation of the subject loan. A foreclosure action was thereafter commenced by HSBC (venued in the Supreme Court of the State of New York, County of Bronx), wherein Fiorenza was named as a party defendant (pursuant to Index No.: 13039/07). This matter was assigned to Honorable Lucindo Suarez, Justice of the Supreme Court. Fiorenza originally represented herself on a "Pro-Se" basis in this matter (having interposed both an Answer and Amended

Answer to the Complaint filed by HSBC, duplicate copies of which are annexed to

defendant's motion papers). In both her Answer and Amended Answer, Fiorenza raised

defenses based upon the failure of previously hired contractors to perform necessary

renovations to her residential premises, which would have enabled Fiorenza to derive rental

income sufficient enough to allow her to satisfy the monthly payment required by the subject

mortgage. Fiorenza thereafter retained an attorney (James G. Striar, Esq.) to represent her

on this matter, in connection with a motion for "summary judgment" brought by HSBC.

In her opposition to this motion, Fiorenza emphasized those defenses raised within both

her prior Answer and Amended Answer, concerning the allegedly failed work by hired

contractors. Judge Suarez granted HSBC's motion for summary judgment, on the basis that

such defenses could not be deemed sufficient to defeat HSBC's claim for foreclosure (a

duplicate copy of Judge Suarez's order granting summary judgment on this matter is

annexed to defendants' motion papers). A subsequent "Judgment of Foreclosure & Sale

was rendered by Judge Suarez on December 6, 2007.

Fiorenza forwarded a notice of rescission of the subject mortgage to Fremont and

counsel for HSBC on February 13, 2008. A subsequent notice of rescission was also

forwarded directly to HSBC on February 14, 2008. Both of these notices were forwarded

by certified mail/return receipt requested (duplicate copies of said notices are annexed

hereto as Plaintiff's Exhibit 2). These rescission notices were based upon the failure

of Fremont to provide Fiorenza with necessary initial disclosures concerning the

material terms of the subject loan; as well as required preliminary disclosures concerning

the loan's adjustable rate status. Fiorenza also brought application by Order to Show

Cause, before Judge Suarez, to vacate the pending "Judgment of Foreclosure and Sale"

(while seeking a stay of the foreclosure sale date which had been set at that time); as well

as permission to interpose an amended Answer, wherein Fiorenza would include

affirmative defenses based upon Fremont's violation of disclosure requirements imposed

by the Federal Truth In Lending Act. Fiorenza also sought a stay of this foreclosure action,

based upon the instant federal action (a duplicate copy of Fiorenza's application for the

foregoing relief is annexed to defendants' motion papers).

Fiorenza's motion was denied by Judge Suarez, pursuant to Order rendered on or

about March 24, 2008. In his Order, Judge Suarez emphasized that the Court had already

granted summary judgment on this matter, in favor of HSBC, with respect to those defenses

previously raised by Fiorenza; and that it would be prejudicial to HSBC if Fiorenza was

allowed to belatedly assert Truth In Lending based defenses in an Amended Answer.

**On this basis alone**, Judge Suarez rendered an order which denied plaintiff's application to

vacate the Court's Judgment of Foreclosure (a duplicate copy of Honorable Judge Suarez's

order is annexed to defendants' motion papers). Fiorenza is appealing this decision, as she

has filed a "Notice of Appeal" with the New York State Appellate Division/First Department

(Plaintiff's Exhibit 3).


### Complaint


Fiorenza commenced the subject lawsuit by filing of a Complaint, wherein Fremont,

HSBC and Pellegrino were named as party defendants. This Complaint was filed with the

Clerk of the Court on January 25, 2008 (a duplicate copy of Plaintiff's Complaint is annexed to defendants' motion papers).

The First cause of action raised within the Complaint seeks judicial enforcement of Fiorenza's rescission of the subject mortgage, by reason of Fremont's failure to provide Fiorenza with mandated Adjustable Rate disclosure prior to the date of closing of the subject transaction, including an Adjustable Rate Mortgage brochure and/or other detailed Adjustable Rate Mortgage information, as mandated by the Federal Truth In Lending Act (including those procedures set forth by Regulation Z § 226.19(b).

The Second cause of action raised within the Complaint seeks judicial enforcement of Fiorenza's rescission of the subject mortgage, by reason of Fremont's failure to provide Fiorenza with proper initial disclosures concerning the material terms of the subject loan, prior to the date of "closing" of the subject transaction: specifically: **(i)** the Annual Percentage Rate; **(ii)** Finance Charge: **(iii)** the Amount Financed; **(iv)** the Total of Payments; **(v)** The number of payments.  This information is required to be provided by the "lender" to the subject loan, prior to the date of "closing" of the subject transaction, as set forth by 15 U.S.C. § 1640 and Regulation Z § 226.17.

The Third cause of action raised within the Complaint seeks judicial enforcement of Fiorenza's rescission of the subject mortgage, by reason of defendants' violation of the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law.

The Fourth cause of action raised within the Complaint seeks money damages

6

against Fremont and Pellegrino, by reason of defendants' violation of the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law.

The Fifth cause of action raised within the Complaint seeks money damages against Pellegrino, by reason of defendant's violation of Section 589 of the New York State Banking law.

The Sixth cause of action raised within the Complaint seeks money damages against Fremont and Pellegrino, by reason of defendants' fraud.

The Seventh cause of action raised within the Complaint seeks judicial enforcement of Fiorenza's rescission of the subject mortgage, by reason of fraud committed by Fremont and Pellegrino.

The Eighth cause of action raised within the Complaint seeks money damages against Fremont, by reason of defendant's negligence in its underwriting of the subject loan transaction.

The Ninth cause of action raised within the Complaint seeks judicial enforcement of the termination of any security interest in plaintiff's residential premises created for HSBC, by reason of HSBC's failure to document, effectuate and/or record the assignment of the loan from Fremont to HSBC.

The Tenth cause of action raised within the complaint, seeks money damages against HSBC, by reason of said defendant having taken measures to enforce payment of the subject loan, which resulted in commencement of a foreclosure action, despite HSBC having failed to document, effectuate and/or record the assignment of the loan from

## ARGUMENT

I.    **DEFENDANTS' CONTENTION THAT PLAINTIFF HAS FAILED TO BRING HER CLAIMS PURSUANT TO 15 U.S.C. § 1601, ET SEQ., SPECIFICALLY 15 U.S.C. § 1639 AND 15 U.S.C. § 1640, WITHIN ONE YEAR OF THE DATE OF CONSUMMATION OF THE SUBJECT LOAN, PURSUANT TO 15 U.S.C. § 1640(E) IS MOOT**

Defendants' counsel argues in his papers that plaintiff "*fails to state a claim upon which relief can be granted against moving defendants, as plaintiff has failed to bring her claims pursuant to 15 U.S.C. § 1601, et seq., specifically 15 U.S.C. § 1639 and 15 U.S.C. § 1640 within one year as required pursuant to 15 U.S.C. § 1640(e)*". In making this assertion, defendants' counsel ignores the basis of plaintiff's Truth In Lending claims. Plaintiff does not raise claims within her complaint for money damages arising from defendants' alleged violation of Truth In Lending law, pursuant to 15 U.S.C. § 1640. **Plaintiff's Truth In Lending claims are predicated on plaintiff's assertion that she maintains an extended right to rescind the subject mortgage, by reason of defendant Fremont's failure to provide mandated preliminary disclosure concerning the nature of the loan (including the subject loan's adjustable rate status),**

8

**as well as said defendant's failure to properly provide initial disclosures concerning the material terms of the subject loan transaction**.  As plaintiff does not seek money damages claims in this action, pursuant to 15 U.S.C. §1639 and 15 U.S.C. §1640, the assertions made by defendants' counsel herein are moot.

## II.     PLAINTIFF HAS TIMELY BROUGHT CLAIM FOR RESCISSION OF THE SUBJECT MORTGAGE, PURSUANT TO 15 U.S.C. § 1635.

The Federal Truth In Lending Act, as dictated by 15 U.S.C. § 1601, and Federal Reserve Regulation Z, 12 C.F.R § 226 (which implements the Act), sets forth the procedure which a lender must follow in providing disclosure about a loan to a prospective borrower.  The Act requires a lender to provide such disclosures not only on the date of consummation of a transaction; **but also prior to said date**. The initial disclosures which lenders are mandated to provide on closed-end mortgage loans secured by one's residential dwelling includes information as to: **(i)** The "Annual Percentage Rate" applicable to the loan; **(ii)** The "Finance Charge" applicable to the loan; **(iii)** The "Amount Financed" applicable to the loan; **(iv)** The total number of payments to be made on the loan; **(v)** The payment schedule on the subject loan.  See 15 U.S.C. § 1638. See also Floyd v. Security Fin. Corp of Nevada, 181 F. Supp 2d 1137 (D. Nev. 2001); Basile v. H&R Block, Inc., 897 F. Supp. 194 (E.D. Pa. 1995).  The purpose of this requirement

9

is to allow a consumer to make an informed and rational economic decision about the financial aspects of a transaction prior to entering into it; and to encourage "comparison shopping".  Ibid. See also Truth In Lending, National Consumer Law Center/Sixth Edition, (Section 4.3, entitled "Timing  of Disclosures") by Elizabeth Renuart and Kathleen Kees (2007).  These disclosures are required to be made *"before the credit is extended"* (15 U.S.C. § 1638(b); and even more specifically: *"(a) before consummation or (b) within three business days after the creditor receives the consumer's written application, whichever is earlier"* (See Regulation Z §  226.19(a)(1).  **The failure of a lender to provide a borrower with such mandated material disclosure prior to the date of closing of the loan, in the manner set forth by the statute, gives rise to an extended right on the part of the borrower to rescind and/or cancel the subject transaction,  pursuant to 15 U.S.C. § 1635, beyond the three day period wherein a borrower can automatically rescind.  This extended right to rescind lasts for three years from the date of "closing" of the subject transaction**.  See 15 U.S.C. § 1635; Regulation Z § 226.15(a)(3) and Regulation Z § 226.23 (a)(1).  See also Truth In Lending, National Consumer Law Center/Sixth Edition (Section 6.4.2, entitled "Failure to Make Material Disclosures Properly"), by Elizabeth Renuart and Kathleen Keest (2007).  Furthermore, a consumer's "actual  knowledge " is not a relevant factor, in those situations where disclosures are not given in the proper form. Ibid. See also Weeden v. Auto Workers Credit Union, Inc., 173 F.3d 857 (6th Circuit/1999); Gibbons v. Interbank Funding Group, 208 F.R.D. 278 (N.D. Cal. 2002); Williams v. Empire Funding Corp., 109 F. Supp. 2d 352 (E.D. Pa 2000).

The five material disclosures that must always be properly and accurately disclosed

10

in order for a lender in a closed end transactions in order to terminate a borrower's right to cancel (after the initial three day period set forth by 15 U.S.C. § 1635), are the transaction's applicable: **(i)** "Annual Percentage Rate"; **(ii)** "Finance Charge"; **(iii)** "Amount Financed"; **(iv)** "Total of Payments"; **(v)** "Payment Schedule" (15 U.S.C. § 1638 and Regulation Z § 226.23(a). This information is to be provided in a Federal Truth In Lending Statement which "clearly and conspicuously" provides such disclosure; and which places particular emphasis on the loan's "Annual Percentage Rate" and "Finance Charge" (See 15 U.S.C. § 1632 (a); 15 U.S.C. § 1638; 15 U.S.C.§ 1602(u); Regulation Z § 226.17(a); and Regulation Z § 226.23(a)(3). See also First Nat'l Bank v. Office of the Comptroller, 956 F.2d 1456 (8th Circuit/1992). See also Truth In Lending, National Consumer Law Center/Sixth Edition (Section 4.2.6, entitled "More Conspicuous: Annual Percentage Rate and Finance Charge"), by Elizabeth Renuart and Kathleen Keest (2007). **The failure on the part of a lender to provide accurate initial disclosures prior to the date of consummation of a loan results in an extended right to rescind on behalf of the consumer** (15 U.S.C. § 1635).

The Federal Truth In Lending Act also sets forth special early disclosure provisions for mortgage loans which contain variable rate features. For all such loan transactions, a creditor is required to provide disclosure concerning the following information: **(i)** The circumstances under which the rate may increase; **(ii)** Any limitations on the increase in the applicable interest rate; **(iii)** The effect of an increase; **(iv)** An example of the payment terms that would result from an increase (See Regulation Z § 226.18(f) (1). See also Truth In Lending, National Consumer Law Center/Sixth Edition (Section 4.8.3 entitled "Variable

11

Rate Disclosures for Other Transactions"), by Elizabeth Renuart and Kathleen Keest (2007).

These disclosures must be "given" to a prospective borrower " **(a)** before consummation; or

**(b)** within three business days after the creditor receives the consumer's written application,

whichever is earlier" (See <u>Regulation Z § 226.19(a)(1)</u>. **As set forth by Fiorenza in her**

**prior Affidavit, at no time prior to the date of "closing" of the subject loan did**

**FIORENZA receive such disclosures**.

     Furthermore, FIORENZA did not receive any required early adjustable rate

disclosures which a creditor is obligated to provide a borrower on loans secured by the

borrower's principal dwelling (See Regulation Z § 226.19(b). **The Act clearly mandates**

**that special Adjustable Rate Mortgage disclosures, including the "ARM brochure",**

**be provided to prospective borrowers when an application form is furnished or**

**before the payment of a non-refundable fee, whichever is earlier** (<u>Regulation Z §</u>

<u>226.19(b)(1)</u>. <u>See also Truth In Lending, National Consumer L aw Center/Sixth Edition</u>

<u>(Section 4.8.2.2, entitled "Other Disclosures for ARMs with Terms of More Than One</u>

<u>Year Secured by the Consumer's Principal  Dwelling"), by Elizabeth Renuart and Kathleen</u>

<u>Keest</u> (2007). In addition to the "ARM brochure", creditors are also required to clearly reveal

detailed, specific information about major aspects of any variable rate loan program for which

the consumer is either applying for or considering. <u>Ibid</u> . See also <u>Regulation Z §</u>

<u>226.19(b)(2)</u>. Such requirements are shown in sample form H-14 in Appendix H

of the Regulation and model clauses which are also included in Appendix H-4. <u>Ibid</u>.

Creditors are required to identify the index to which interest rate changes are tied, or provide

 a brief description of the formula to be utilized in calculating changes to the interest rate if

no index is used. Ibid. See also Regulation Z § 226.19(b)(2)(ii). A credible source of information about an index must also be disclosed. Ibid. Regulation Z also requires an explanation as how the interest rate and resultant payment will be determined. Ibid. See also Regulation Z § 226.19(b)(2)(iii). Creditors are also required to exchange a statement upon the consumer which suggests that consumers ask for the current margin value and interest rate. Ibid. See also Regulation Z § 226.19(b)(2)(iv). The disclosures must also alert consumers about a discount feature whenever the initial interest rate is discounted, and must also contain a statement which suggests that consumers ask for the amount of the applicable interest rate discount. Ibid. See also Regulation Z § 226.19(b)(2)(v). The frequency of rate and payment adjustments must also be disclosed, along with rate and payment caps. Ibid. See also Regulation Z § 226.19(b)(2)(vi) and Regulation Z § 226.19(b)(2)(vii). The failure of a creditor to properly provide such Adjustable Rate Disclosures may give rise to an extended right to rescission; and will always provide a consumer with a viable claim for actual damages Ibid. See also Mourning v. Family Publications Serv. Inc., 411 U.S. 356, 93 S. Ct. 1652, 36 L. Ed. 2d 318 (1973) Wessel v. Shelby Fed. Savings & Loan, Clearinghouse No. 49,961 (S.D. Ind. 1992); Hopkins v. First NLC Fin. Services, L.L.C. (In re Hopkins), 2007 WL 1812778 (Bankr.E.D./PA). See also 15 U.S.C. § 1638. **At no time prior to the date of "closing" of the subject transaction did Fremont provide FIORENZA with any preliminary disclosure containing such information on this loan.**

As Fremont failed to serve Fiorenza herein with material disclosures concerning the subject transaction at any time prior to the date of consummation of the transaction at issue; **plaintiff herein has properly exercised her right to rescind/cancel the subject loan.**

13

Fiorenza has taken action to this effect on two fronts: **(i)** commencement of the instant action. The filing of a Complaint has been held sufficient as a "written communication" of the consumer's election to cancel. See <u>Jones v. Saxon Mortgage, Inc.</u>, 161 F.2d 2(table), 1998 WL 614150 (4th Circuit, September 9, 1998); <u>Taylor v. Domestic Remodeling, Inc.</u>, 97 F.3d 96 (5th Circuit, 1996); <u>Garedakis v. Indymac Bank,</u> 2004 WL 2254676 (N.D. Cal. October 4, 2004); <u>Thomas v. GMAC Residential Funding Corp.</u>, 309 B.R. 453 (D.Md 2004); <u>Payton v. New Century</u> Mortgage Corp., 2003 WL 22349118 (N.D. Ill. October 14, 2003); <u>Bial v. Household Fin. Corp.</u>, 296 B.R. 828 (D. Kan. 2003); <u>Mcintosh . Irwin Union Bank & Trust Co.</u>, 215 F.R.D. 26 (D. Mass. 2003); <u>Eveland v. Star Bank</u>, 976 F. Supp 721 (S.D. Ohio, 1997); <u>Elliott v. ITT Corp.</u>, 764 F. Supp. 102 (N.D. Ill, 1991); <u>Talbert v. F.H.A. Contractors</u>, Clearinghouse No 44,818( S.D. Fla. 1988); <u>Hunter v. Richmond Equity Corp.</u>, Clearinghouse No. 43,060 (N.D. Ala 1987); <u>In re Rodrigues</u>, 278 B.R. 683 (Bankr. D.R.I. 2002). See also <u>Truth In Lending</u>, National Consumer Law Center/Sixth Edition (Section 6.6.2.5, entitled "Can a Complaint Serve as The Consumer's Notice of Cancellation?"), by Elizabeth Renuart and Kathleen Keest (2007). In the subject federal action brought by FIORENZA, defendant asserts her right to cancel/rescind the subject loan on the basis of those material violations of the Truth In Lending Act enumerated herein. **(ii)** Defendant has also executed a separate rescission notice which has been recently forwarded to Fremont (as the original lender to the subject loan), as well as HSBC ( as the "assignee to the subject loan. These notices (Plaintiff's Exhibit 2) were executed and forwarded by Fiorenza well within the three years of the date of consummation of the subject transaction. Accordingly, Fiorenza has timely

exercised her extended right to rescind the subject transaction, pursuant to 15 § 1635, by

virtue of both the commencement of this action, as well as by forwarding of a rescission

notice to both Fremont and HSBC.


### III. DEFENDANTS' ARGUMENT THAT PLAINTIFF's RESCISSION CLAIMS ARE BARRED BY THE DOCTRINES OF CLAIM PRECLUSION AND ISSUE PRECLUSION IS INACCURATE, AS JUDGE SUAREZ'S PRIOR ORDER COMPLETELY FAILS TO ADDRESS THE ISSUE OF PLAINTIFF'S EXTENDED RIGHT TO RESCIND THE LOAN


Defendants' counsel argues that *"Plaintiff's claims pursuant to 15 U.S.C. § 1635*

*seeking rescission of the subject mortgage and an extended three year right of*

*rescission for alleged failure to provide Plaintiff with a notice of right to cancel are*

*barred by the doctrine of claim preclusion and issue preclusion, as the identical claims*

*have already been raised, litigated, and adjudicated in the Supreme Court of the State*

*of New York for the County of Kings"*. In making this argument, defendants' counsel

attempts to rely upon the wording contained within Judge Suarez's March 24, 2008 order.

Defendants' counsel is entirely disingenuous, however, in claiming that any extended right

to rescind claimed by Fiorenza must fail because Fremont provided Fiorenza with a

Notice of Right to Cancel at the closing, which is noted by Judge Suarez in his order

order. **Fiorenza does not contest that she receive such a Notice at the closing. Such**

15

**receipt however is irrelevant to plaintiff's claim. Fiorenza's assertion that she is entitled to rescission of the subject loan is based upon Fremont's failure to provide her with accurate initial and/or preliminary disclosures as to both the nature of the loan, as well as the transaction's material terms. At no point within Judge Suarez's order is there mention of any opinion as to the merits of this claim**. Judge Suarez's order merely notes the fact that Fiorenza received a Notice of Right to Cancel at the "closing" of the transaction; and failed to execute it within the three days thereafter, during which period Fiorenza was automatically entitled to rescind and/or cancel the subject loan, pursuant to 15 U.S.C. 1635. **Judge Suarez, however, completely fails to address the merits of Fiorenza's claim to an extended right to rescission raised within her motion**.

Judge Suarez's denial of Fiorenza's application to vacate the "Judgment of Foreclosure and Sale" was based upon the fact that at the time of her motion, the Court had already granted HSBC summary judgment as to those defenses raised previously by Fiorenza. The Court concluded that such defenses were insufficient to constitute valid affirmative defenses in connection with a foreclosure action. These defenses involved alleged violations committed by contractors which Fiorenza had previously hired to perform renovations on her residential property. Fiorenza did not previously raise Truth In Lending based claims as affirmative defenses in either her Answer or Amended Answer; nor did Fiorenza raise such claims in connection with her opposition to HSBC's prior motion for summary judgment (at which time she was represented by prior counsel, James G.Striar, Esq.). In Judge Suarez's view, it was unreasonable to permit Fiorenza to utilize these

16

claims as affirmative defenses in the subject foreclosure action, on the eve of a foreclosure

sale resulting from a prior judgment. Judge Suarez makes this clear in his Order in stating:

*"The prejudice to plaintiff is the court were to permit Fiorenza to engage in this piecemeal*

*assertion of defenses is manifest"* Judge Suarez also references Fiorenza's previously

interposed defenses on this foreclosure action: *"that the contractor who performed*

*renovation work on her house did not finish the job, so that she was unable to derive*

*expected rental income within which to make her payments on the mortgage note"*; and

further states, *"The Court rejected her asserted claims as not proper defenses against*

*plaintiff, and mailed a copy of the decision and order granting the motion to Mr. Striar"*

(Fiorenza's prior counsel). In this context, Judge Suarez, therefore concludes

*"Fiorenza's belated assertion that she did not receive certain disclosures as required by*

*the Truth In Lending Act is insufficient to warrant setting aside the judgment"*.

In rendering his decision, Judge Suarez provides no comment on the merits of

Fiorenza's claims that she did not receive adequate preliminary disclosure concerning

the subject loan, thereby entitling her to assert an extended right to rescind the loan.

Judge Suarez also makes absolutely no mention of any of the exhibits which HSBC

attached to its opposition to Fiorenza's motion (which consisted of alleged Truth In

Lending disclosure served by Fremont upon Fiorenza in March of 2006; all of which

failed to contain Fiorenza's signature); nor did Judge Suarez comment on the

clear inadequacies of these supposed disclosures, as set forth by your affirmant in his

"Supplemental Affirmation" executed in support of Fiorenza's motion, following

service by HSBC's counsel of such alleged initial disclosure upon your affirmant's office

subsequent to Fiorenza having brought her application (Exhibit "4"), which included

confirmation that Fiorenza had never actually brought application for an adjustable rate

loan; and which also plainly evidenced that the Annual Percentage Rate set forth by

HSBC's claimed "preliminary Federal Truth In Lending Statement" was significantly

different enough from the Annual Percentage Rate set forth in the Truth In Lending

Statement exchanged by Fremont upon Fiorenza at the "closing" of the subject loan,

such that the Annual Percentage Rate figure assessable on the loan should have been

redisclosed prior to the date of "closing".  See Regulation Z § 226.17(f) and Official Staff

Commentary Regulation Z § 226.17(f)-1(i)(A). See also Billions v. White & Stafford

Furniture Co., Inc., 528 So.2d 878 (Ala. Ct. App. 1988).

Federal Courts have universally hold that any preclusive effect of a state court

judgment is governed by the law wherein such judgment is rendered.  Intel Corp. v.

Advanced Micro Devices, Inc., 12 F.3 d 908 (9th Circuit/1993).  The doctrine of "claim

preclusion" in New York State (also known as "Res Judicata") relates to a litigant seeking

to litigate a cause of action which is virtually identical to that which has been litigated

previously, and has resulted in a judgment. See Schuylkill v. Fuel Corp. v. B & C Nieberg

Realty Corp., 250 N.Y. 304, 165 N.E. 456 (1929).  See also New York Practice, Second

Edition (Chapter 17, entitled  "Res Judicata", pp. 671-675), by David Siegel (West

Publishing Company/1991).   As a general rule, the doctrine applies  only to the merits of a

claim or defense.  Ibid.  See also Rudd v. Cornell, 171 N.Y. 114, 63 N.E. 823 (1902);

Mandracchia v. Russo, 53 Misc.2d  1018, 280 N.Y.S.2d 429 (App.T., 2nd  Dept/1967).

The doctrine of "issue preclusion" in New York State (also commonly known as "Collateral

Estoppel") relates to litigant seeking litigation of an issue already adjudicated upon, rather

than to entire claims or defenses. See Bonde v. General Security Ins. Co..of Canada,

55 Misc.2d 588, 285 N.Y.S.2d 675 (SupCt., Albany County, 1967). See also

Schuykill. See also New York Practice, Second Edition (pp. 692-693).

**Judge Suarez's decision does not in any manner address the merits of**

**Fiorenza's claims raised within the subject action, as there was never any**

**disposition made of such claims**. Accordingly, Judge Suarez's order cannot be said to

bar Fiorenza's claims raised in the subject action, by virtue of the doctrines of either claim

preclusion or issue preclusion; as the claims being litigated in the instant federal action are

completely different than those already litigated in the State foreclosure action; and as the

issues presented in the subject federal action concerning Fiorenza's alleged extended right

of rescission was never adjudicated upon, or even addressed, by Judge Suarez in his

March 24, 2008 order. As Judge Suarez completely ignored the basis proffered by

Fiorenza in connection with her extended rescission claims (as well as the fact that such

claims were timely brought, pursuant to 15 U.S.C. § 1635), Fiorenza is proceeding with

an appeal of Judge Suarez's decision (commenced by filing of a "Notice of Appeal").

Irrespective of this appeal (as well as the obvious fact that the decision in question was

rendered in an entirely different court; and therefore does not even have to be followed by

the Honorable Court herein), however, is the seemingly undeniable fact that as Fiorenza's

extended right to rescind was never addressed by Judge Suarez in his March 24, 2008 order,

such findings made in his decision cannot be considered to have a preclusive effect on those

claims raised by Fiorenza in the instant federal action.

IV.    **DEFENDANTS' ARGUMENT THAT THE**
       **HONORABLE COURT MAY DECINE TO**
       **EXERCISE JURISDICTION OVER**
       **PLAINTIFF'S STATE LAW CLAIMS,**
       **IS MOOT, AS PLAINTIFF'S CLAIMS**
       **BROUGHT UNDER THE FEDERAL**
       **TRUTH IN LENDING ACT ARE VALID.**


Defendants' counsel attempts to argue that plaintiff's supplemental "state law

claims" may be declined, as *"Plaintiff's claims pursuant to 15 U.S.C. § 1601, et Seq.*

*must be dismissed"*.  For the reasons set forth above, your affirmant respectfully

disagrees with this assertion made by defendants' counsel. Clearly, under the doctrine

of "pendent" jurisdiction,  a federal court is permitted to exercise jurisdiction over

a state claim which is related to the state claim before it; particularly when the federal

 claim and the state claim arise from the same event or connected series of events.  See

United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 130, 16 L.Ed.2 218 (1966).

See  also New York Practice, Second Edition (Chapter 23, entitled  "Federal Practice

Reviewed and Compared; Parallels  and Pitfalls"; pp. 998-999).  All of the claims raised

by Fiorenza in this action arise from the actions taken by Fremont and Pellegrino, in

connection with their processing of the subject loan: which included Fremont's failure to

provide Fiorenza with adequate initial disclosures concerning the nature, status and terms

of the subject loan.  Pellegrino, as the "broker" to this transaction, was responsible for

generating documents provided to Fremont, wherein Pellegrino fraudulently and

wrongfully inflated Fiorenza's stated income, and which Fremont completely failed to

verify, despite Fremont having provided said defendants with authorization permitting

complete release of her income status.  As Fiorenza's subject  rescission claims are entirely

reviewable by this Court (and cannot be dismissed on the basis of issue preclusion or claim

preclusion), exercise by the Honorable Court over Fiorenza's clearly related supplemental

state law claims is entirely justified and warranted.


### IV.    CONCLUSION


The motion by defendants Fremont and HSBC to dismiss all causes of action against

them should be denied in all respects, as plaintiffs have clearly satisfied the requisite

elements for all causes of actions raised against defendants in their Complaint.  Accordingly,

defendants' motion should be denied in its entirety, together with such other and further

relief as the Court deems just and proper.


Dated: Brooklyn, New York
       May 16, 2008


                              **DAVID M. HARRISON, ESQ.**

                          By: _____
                               David M. Harrison, Esq. (DH 6188
                               Attorney for Plaintiff
                               Maria Rose Fiorenza
                               48 Willoughby Street
                               Brooklyn, New York 11201
                               (718) 243-2109


21