DAVID M. HARRISON, ESQ.
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARIA ROSE FIORENZA,

                   Plaintiff,

        -against-

FREMONT INVESTMENT & LOAN,
HSBC BANK U.S.A., NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN,
INC. ASSET-BACKED PASS
THROUGH CERTIFICATES SERIES
2006-FM2 and GRACE PELLEGRINO,
d/b/a GMP FINANCIAL SERVICES,

                  Defendant(s).

-------------------------------------------------------------------x

Civil Action No.: 08 CV 0858 (DF)(SAS)

**DECLARATION OF DAVID M.
HARRISON IN OPPOSITION
TO MOTION TO DISMISS**

      DAVID M. HARRISON, ESQ., pursuant to 28 U.S.C. § 1746 declares under

the penalty of perjury as follows:

      1.  That I am the attorney for the plaintiff, Maria Rose Fiorenza.  As such, I am

fully familiar with the facts and circumstances of this action, and submit this Declaration

in opposition to the motion brought by defendants Fremont Investment & Loan and

HSBC Bank U.S.A., National Association, as Trustee for Nomura Home Equity

Loan, Inc. Asset-Backed Pass Through Certificate Series 2006-FM2, for: **(a)** an Order

pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing Plaintiffs' Complaint

as against said moving defendants for lack of subject matter jurisdiction; **(b)** an Order pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and **(c)** such other and further relief as this Court deems just and proper.

2. A copy of the document entitled "Uniform Residential Loan Application", exchanged upon plaintiff by defendant Fremont Investment & Loan, is annexed as Plaintiff's Exhibit "1"

3. A copy of the notice of rescission forwarded by plaintiff to defendant Fremont Investment & Loan, as well as counsel for defendant HSBC Bank U.S.A., National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Pass Through Certificate Series 2006-FM2, on February 13, 2008; as a copy of the notice of rescission forwarded directly to defendant HSBC Bank U.S.A., National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Pass Through Certificate Series 2006-FM2, on February 14, 2008; are annexed as Plaintiff's Exhibit "2".

4. A copy of the "Notice of Appeal" filed on behalf of plaintiff Maria Rose Fiorenza, with the New York State Appellate Division/First Department, in connection with the March 24, 2008 order rendered by Honorable Lucindo Suarez, Justice of the Supreme Court of the State of New York, County of Bronx, is annexed hereto as Plaintiff's Exhibit "3".

5. A copy of the "Supplemental Affirmation" rendered by your affirmant, in connection with a motion brought by Maria Rose Fiorenza, in connection with a related foreclosure action, is annexed hereto as Plaintiff's Exhibit "4".

WHEREFORE, it is respectfully requested that this Court deny the motion

brought by defendants Fremont Investment & Loan and HSBC Bank U.S.A., National

Association, as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Pass Through

Certificate Series 2006-FM2; and for such other and further relief that this Court deems just

and proper.

Dated: Brooklyn, New York
     May 16, 2008

**DAVID M. HARRISON, ESQ.**

By: _____

    David M. Harrison, Esq. (DH 6188
    Attorney for Plaintiff
    Maria Rose Fiorenza
    48 Willoughby Street
    Brooklyn, New York 11201
    (718) 243-2109

**EXHIBIT  1**

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for | □ VA  ☑ Conventional  □ Other (explain): □ FHA  □ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount $ 634,500 | Interest Rate 8.851 % | No. of Months 360/360 | Amortization Type: ☑ Fixed Rate  □ Other (explain): □ GPM  □ ARM (type): |
|---|---|---|---|

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP)  13 36 Gillespie Avenue,  Bronx, NY 10461   County: Bronx | No. of Units 2 |
|---|---|

Legal Description of Subject Property (attach description if necessary)
section 1802, block 5359 lot 18

Year Built 2006

| Purpose of Loan | ☑ Purchase  □ Construction  □ Other (explain): □ Refinance  □ Construction-Permanent | Property will be ☑ Primary Residence  □ Secondary Residence  □ Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost $ | Amount Existing Liens $ | Purpose of Refinance | Describe Improvements □ made □ to be made  Cost $ |
|---|---|---|---|---|

| Title will be held in what Name(s)  Maria Fiorenza | Manner in which Title will be held  Single woman | Estate will be held in ☑ Fee Simple □ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| **Borrower's Name (include Jr. or Sr. if applicable)**  Maria Fiorenza | | **Co-Borrower's Name (include Jr. or Sr. if applicable)** |

| Social Security Number 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 | Home Phone (incl. area code) (914)-237-4841 | DOB (MM/DD/YYYY) 09/07/1950 | Yrs. School 14 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|

| □ Married  ☑ Unmarried (include single, divorced, widowed) □ Separated | Dependents (not listed by Co-Borrower)  no. 1  ages 16 | □ Married  □ Unmarried (include single, divorced, widowed) □ Separated | Dependents (not listed by Borrower)  no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) □ Own ☑ Rent 9mo No. Yrs  86 Cresent place  Yonkers, NY 10704 | Present Address (street, city, state, ZIP) □ Own □ Rent No. Yrs |
|---|---|

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

**If residing at present address for less than two years, complete the following.**

| Former Address (street, city, state, ZIP) ☑ Own □ Rent 8 No. Yrs  13-36 Gillespie Avenue  Bronx, NY 10461 | Former Address (street, city, state, ZIP) □ Own □ Rent No. Yrs |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| **Name & Address of Employer** □ Self Employed  Game Day Grill Sports Bar and Restaurant  3168 E. Tremont Avenue  Bronx, NY 10461 | Yrs. on this job 8 yr(s)  Yrs. employed in this line of work/profession 30 | **Name & Address of Employer** □ Self Employed | Yrs. on this job  Yrs. employed in this line of work/profession |

| Position/Title/Type of Business  chef/caterer | Business Phone (incl. area code)  718-409-6556 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

**If employed in current position for less than two years or if currently employed in more than one position, complete the following.**

| Name & Address of Employer □ Self Employed  BNA Cafe  Bronx Childrens Hospital  Bronx, NY | Dates (from-to)  1997 - present  Monthly Income $ | Name & Address of Employer □ Self Employed | Dates (from-to)  Monthly Income $ |
|---|---|---|---|

| Position/Title/Type of Business  head chef | Business Phone (incl. area code)  718-862-3383 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer □ Self Employed | Dates (from-to)  Monthly Income $ | Name & Address of Employer □ Self Employed | Dates (from-to)  Monthly Income $ |
|---|---|---|---|

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Freddie Mac Form 65   01/04
Calyx Form 1003 (rasapp) 5.rfm 01/04

Borrower  *KBF*
Co-Borrower

Fannie Mae Form 1003   01/04

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present |
|---|---|---|---|---|---|
| Base Empl. Income* | $ 9,850.00 | $ | 9,850.00 | Rent | $ |
| Overtime | | | | First Mortgage (P&I) | |
| Bonuses | | | | Other Financing (P&I) | |
| Commissions | | | | Hazard Insurance | |
| Dividends/Interest | | | | Real Estate Taxes | |
| Net Rental Income | 1,875.00 | | 1,875.00 | Mortgage Insurance | |
| Other (before completing, see the notice in "describe other income" below) | 2,005.00 | | 2,005.00 | Homeowner Assn. Dues | |
| | | | | Other: | |
| Total | $ 13,730.00 | $ | 13,730.00 | Total | $ |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    *Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.*

| B/C | | |
|---|---|---|
| B | husbands social sec. 1604 X125% = | $ |
| | net rental on subject 2500X75%=1875 | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the co-borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.    Completed ☑ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | Monthly Payment & Months Left to Pay |
|---|---|---|---|---|
| Cash deposit toward purchase held by: given to builder beg of project | $ 25,000 | LIABILITIES | | $ Payment/Months |
| List checking and savings accounts below | | Name and address of Company Ocwen federal bank | | $ Payment/Months |
| Name and address of Bank, S&L, or Credit Union Chase Checking | | | | |
| Acct. no. | $ 2,533 | Acct. no. 102102456 | | |
| Name and address of Bank, S&L, or Credit Union Chase savings | | Name and address of Company toyota | | $ Payment/Months |
| Acct. no. | $ 18,012 | Acct. no. 7040226207594001 | | 299 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company chase | | $ Payment/Months |
| | | Acct. no. 4387877019005430 | | 19 |
| Acct. no. | $ | Name and address of Company Gem/jcp | | $ Payment/Months |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 3386770568 | | 15 |
| Acct. no. | $ | Name and address of Company Stillwell Private construction loan | | $ Payment/Months |
| Stocks & Bonds (Company name/ number & description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | | $ Payment/Months |
| Life insurance net cash value | $ | | | |
| Face amount $ | | | | |
| Subtotal Liquid Assets | $ 45,545 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 705,000 | Acct. no. | | |
| Vested interest in retirement fund | $ | Name and address of Company | | $ Payment/Months |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) 2005 toyota | 14,000 | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | | | |
| | | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 333 | |
| Total Assets a. | $ 764,545 | Net Worth (a minus b) → $ 247,800 | Total Liabilities b. | $ |

Freddie Mac Form 65    01/04
Calyx Form 1003_3.frm/2.frm 01/04

Page 2 of 4    Borrower _HRF_    Co-Borrower    Fannie Mae

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance Maintenance Taxes & Misc. |
|---|---|---|---|---|---|---|
| 1536 Gillespie Avenue Bronx, NY 10461 | 2-4PLX | $ 705,000 | $ 592,000 | 2,500 | $ | $ |
| | | | | | | |
| Totals | | $ 705,000 | $ 592,000 | 2,500 | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s).

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

**VII. DETAILS OF TRANSACTION**

| | | |
|---|---|---|
| a. Purchase price | $ | |
| b. Alterations, improvements, repairs | | |
| c. Land (if acquired separately) | | |
| d. Refinance (incl. debts to be paid off) | 740,000.00 | |
| e. Estimated prepaid items | | |
| f. Estimated closing costs | | |
| g. PMI, MIP, Funding Fee | | |
| h. Discount (if Borrower will pay) | | |
| i. Total costs (add items a through h) | 740,000.00 | |
| j. Subordinate financing | | |
| k. Borrower's closing costs paid by Seller | | |
| l. Other Credits (explain)   Cash Deposit | 25,000.00 | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 634,500.00 | |
| n. PMI, MIP, Funding Fee financed | | |
| o. Loan amount (add m & n) | 634,500.00 | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 151,000.00 | |

**VIII. DECLARATIONS**

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | | |
| b. Have you been declared bankrupt within the past 7 years? | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | |
| d. Are you a party to a lawsuit? | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | |
| h. Is any part of the down payment borrowed? | | |
| i. Are you a co-maker or endorser on a note? | | |
| j. Are you a U.S. citizen? | | |
| k. Are you a permanent resident alien? | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | | |
| m. Have you had an ownership interest in a property in the last three years? | | |
| (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | | PR |
| (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

**IX. ACKNOWLEDGEMENT AND AGREEMENT**

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X  Maria Rose Magana | ... /06 | | |

**X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES**

| BORROWER ☑ I do not wish to furnish this information | CO-BORROWER ☐ I do not wish to furnish this information |
|---|---|
| Ethnicity: ☐ Hispanic or Latino ☐ Not Hispanic or Latino | Ethnicity: ☐ Hispanic or Latino ☐ Not Hispanic or Latino |
| Race: ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☑ White | Race: ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| Sex: ☑ Female  ☐ Male | Sex: ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type)   Grace Pellegrino | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: ☐ Face-to-face interview ☐ Mail ☑ Telephone ☐ Internet | Interviewer's Signature   Grace Pellegrino   Date | |
| | Interviewer's Phone Number (incl. area code)   516-833-7150 | |

Freddie Mac Form 65   01/04
Calyx Form 1003 Loanapp3.frm  01/04

Page 3 of 4

Fannie Mae F...

Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower

Borrower: **Maria Fiorenza**

Co-Borrower:

Agency Case Number

Lender Case Number

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

Borrower's Signature:

X

Freddie Mac Form 65   01/04
CALYX Form 1003 Loanline frm 01/04

Co-Borrower's Signature:

X

Page 4 of 4

Fannie Mae Form

**EXHIBIT  2**

LAW OFFICE

# DAVID M. HARRISON, ESQ.

48 WILLOUGHBY STREET
METROTECH
BROOKLYN, NEW YORK 11201

TELEPHONE: (718) 243-2109
FAX: (718) 243-1144

February 13, 2008

Fremont Investment & Loan
1411 Opus Place
Suite 600
Downers Grove, ILL 60515

HSBC Bank, USA, National
Association As Trustee for
Nomura Home Equity Loan,
Inc. Asset-Backed Certificates,
Series 2006-FM2
c/o Knuckles & Komosinski, P.C.
220 White Plains Road
6th Floor
Tarrytown, NY 10591

**RE: HSBC v FIORENZA**
Fremont Loan No.: 925000206871
Borrower: Maria Rose Fiorenza
Index No.: 13039/07
Venue: Supreme Court/Bronx County

Dear Sir/Madam:

Enclosed herewith, please find the within Notice of Right to Cancel, duly executed by my client, Maria Rose Fiorenza, in connection with a Mortgage Loan issued to her by Fremont Investment & Loan, on or about May 11, 2006 (and allegedly assigned thereafter to HSBC Bank, USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2) Ms. Fiorenza's right to cancel is extended for three years from the date of execution of the subject mortgage, by reason of the failure of Fremont Investment & Loan to provide Ms. Fiorenza with mandatory preliminary/early disclosure required by the Federal Truth In Lending Act, as set forth by 15 U.S.C. § 1601 et. Seq., as well as Regulation Z which implements the Act. Ms. Fiorenza did not receive **any** Truth In Lending disclosure prior to the date of closing of the subject loan, including information relating to the loan's: **(i)** Annual Percentage Rate;

**(ii)** Finance Charge; **(iii)** Amount Financed; **(iv)** Total of Payments; **(v)** Payment Schedule. This information is mandated by 15 U.S.C. § 1638. Failure to provide such information is a material violation of the Act; and gives rise to a consumer/ borrower's extended right to rescind/cancel the subject loan, pursuant to 15 U.S.C. § 1635. Ms. Fiorenza also did not receive any preliminary disclosure concerning the adjustable rate status of the subject loan, including the "ARM brochure"; as well as also clearly disclosed detailed specific information about major aspects of each variable rate loan program which the consumer is requiring. Ms. Fiorenza received no preliminary information as to the identification of the index to which interest rate changes on the loan are tied; or any source of information as to the index. Ms. Fiorenza also did not receive any early disclosure as to how the interest rate and payment were supposed to be determined. She did not receive any statement from or on behalf of Fremont Investment & Loan suggesting that she ask for the current margin and interest rate. No information was provided as to the frequency of rate and payment adjustments, along with any applicable rate and payment caps. All of this information was required to be furnished to Ms. Fiorenza prior to the date of closing (all of which is required by the dictates imposed by Regulation Z § 226.19). Such information should have been provided at the time of application by Ms. Fiorenza on the subject loan (Regulation Z § 226.19(b). Ms. Fiorenza did not even receive preliminary adjustable rate mortgage loan disclosure, including information as to: **(a)** The circumstances under which the interest rate on the loan could increase; **(b)** Any limitations concerning an increase in the interest rate on the loan; **(c)** The effect of an increase in the interest rate on the loan; **(d)** An example of the payment terms on the loan resulting from an increase in the interest rate. All of these disclosures are required by Regulation Z § 226.18(f)(1), at the very least either within three days of receipt by the lender of a loan application, or prior to consummation of the loan, whichever is earlier. The failure of Fremont Investment & Loan to provide preliminary disclosure concerning the adjustable rate status of the loan gives rise to an extended right on the part of Ms. Fiorenza to rescind/cancel the subject loan, pursuant to 15 U.S.C. § 1635.

Accordingly, pursuant to the mandates imposed by 15 U.S.C. § 1635(a), Maria Rose Fiorenza hereby exercises his automatic right to rescind/cancel the subject loan.

Very truly yours,

DAVID M. HARRISON, ESQ.

cc:  Fremont Investment & Loan.
     2727 E. Imperial Highway
     Brea, CA 92821-6713

     Nomura Home Equity Loan, Inc.
     2 World Financial Center
     Building B
     New York, NY 10281


DMH/dt.

# NOTICE OF RIGHT TO CANCEL

Borrowers: **MARIA ROSE FIORENZA**　　　　　Application #: **5000206871**

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage, lien, or security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last:

　(1) the date of the new transaction, which is **5/11/06** 　　　　　 ; or
　(2) the date you received your new Truth in Lending disclosures; or
　(3) the date you received this notice of your right to cancel.

If you cancel this transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on your home has been cancelled, and we must also return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below.

If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel the new transaction, you may do so by notifying us in writing, at:

**FREMONT INVESTMENT & LOAN**

**1411 OPUS PLACE - SUITE 600**
**DOWNERS GROVE, IL 60515**
**Funding Dept.　Attn: Funding Manager**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of **5/15/06** (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

*Maria Rose Fiorenza*　　　　　*February 1, 2008*
Consumer's Signature　　　　　　　　　　　Date
MARIA ROSE FIORENZA

---

I/We Received Two (2) copies of the **Notice of Right to Cancel** this Date 　　　　　 , 20 　　 .

X *Maria Rose Fiorenza*　　　　　　　　　　　　　
(Signature) **MARIA ROSE FIORENZA**　　　　　　(Signature)

　　　　　　　　　　　　　　　　　　　　　　　　
(Signature)　　　　　　　　　　　　　　　　(Signature)

　　　　　　　　　　　　　　　　　　　　　　　　
(Signature)　　　　　　　　　　　　　　　　(Signature)

**FREMONT** INVESTMENT & LOAN

NORTCGEN　pn　07/23/03

**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.59 | 0354 |
| Certified Fee | $2.65 | 14 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.39 | 02/13/2008 |

Sent To FREMONT INVESTMENT I LOAN
Street, Apt. No., or PO Box No. 1411 OPUS Place Suite 600
City, State, ZIP+4 Downers Grove  ILL 60115

**U.S. Postal Service**
**CERTIFIED MAIL₀ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

TARRYTOWN NY 10591 F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ $0.39 | 0354 |
| Certified Fee | $2.65 | 14 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.38 | 02/13/2008 |

Sent To  KNUCKLES & KOMOSINSKI, P.C.
Street, Apt. No.; or PO Box No.  220 White Plains Road 6th Floor
City, State, ZIP+4  Tarrytown, NY 10591

PS Form 3800, August 2006                See Reverse for Instructions

LAW OFFICE

# DAVID M. HARRISON, ESQ.

48 WILLOUGHBY STREET
METROTECH
BROOKLYN, NEW YORK 11201

TELEPHONE: (718) 243-2109
FAX: (718) 243-1144

February 14, 2008

HSBC Bank, USA, National
Association As Trustee for
Nomura Home Equity Loan,
Inc., Asset-Backed Certificates,
Series 2006-FM2
c/o Equity One
301 Lippincott Drive
Suite 100
Marlton, NJ 08053

**RE: HSBC v FIORENZA**
Fremont Loan No.: 925000206871
Borrower: Maria Rose Fiorenza
Original Lender: Fremont Investment & Loan
Index No.: 13039/07
Venue: Supreme Court/Bronx County

Dear Sir/Madam:

      Enclosed herewith, please find a duplicate of the Notice of Right to Cancel,
duly executed by my client, Maria Rose Fiorenza, in connection with a Mortgage
Loan issued to her by Fremont Investment & Loan, on or about May 11, 2006 (and
allegedly assigned thereafter to HSBC Bank, USA, National Association as
Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series
2006-FM2). Ms. Fiorenza's right to cancel is extended for three years from the date
of execution of the subject mortgage, by reason of the failure of Fremont Investment
& Loan to provide Ms. Fiorenza with mandatory preliminary/early disclosure
required by the Federal Truth In Lending Act, as set forth by 15 U.S.C. § 1601 et.
Seq., as well as Regulation Z which implements the Act. Ms. Fiorenza did not
receive **any** Truth In Lending disclosure prior to the date of closing of the subject
loan, including information relating to the loan's: **(i)** Annual Percentage Rate;
**(ii)** Finance Charge; **(iii)** Amount Financed; **(iv)** Total of Payments; **(v)** Payment
Schedule. This information is mandated by 15 U.S.C. § 1638. Failure to provide
such information is a material violation of the Act; and gives rise to a consumer/
borrower's extended right to rescind/cancel the subject loan, pursuant to
15 U.S.C. § 1635. Ms. Fiorenza also did not receive any preliminary disclosure

concerning the adjustable rate status of the subject loan, including the "ARM brochure"; as well as also clearly disclosed detailed specific information about major aspects of each variable rate loan program which the consumer is requiring. Ms. Fiorenza received no preliminary information as to the identification of the index to which interest rate changes on the loan are tied; or any source of information as to the index. Ms. Fiorenza also did not receive any early disclosure as to how the interest rate and payment were supposed to be determined. She did not receive any statement from or on behalf of Fremont Investment & Loan suggesting that she ask for the current margin and interest rate. No information was provided as to the frequency of rate and payment adjustments, along with any applicable rate and payment caps. All of this information was required to be furnished to Ms. Fiorenza prior to the date of closing (all of which is required by the dictates imposed by Regulation Z § 226.19). Such information should have been provided at the time of application by Ms. Fiorenza on the subject loan (Regulation Z § 226.19(b). Ms. Fiorenza did not even receive preliminary adjustable rate mortgage loan disclosure, including information as to: (a) The circumstances under which the interest rate on the loan could increase; (b) Any limitations concerning an increase in the interest rate on the loan; (c) The effect of an increase in the interest rate on the loan; (d) An example of the payment terms on the loan resulting from an increase in the interest rate. All of these disclosures are required by Regulation Z § 226.18(f)(1), at the very least either within three days of receipt by the lender of a loan application, or prior to consummation of the loan, whichever is earlier. The failure of Fremont Investment & Loan to provide preliminary disclosure concerning the adjustable rate status of the loan gives rise to an extended right on the part of Ms. Fiorenza to rescind/cancel the subject loan, pursuant to 15 U.S.C. § 1635.

Accordingly, pursuant to the mandates imposed by 15 U.S.C. § 1635(a), Maria Rose Fiorenza hereby exercises her automatic right to rescind/cancel the subject loan.

An original of this notice has been provided to your counsel which previously commenced a foreclosure action against Ms. Fiorenza (Knuckles & Komosinski, P.C., 220 White Plains Road, 6th Floor, Tarrytown, New York 10591).

Very truly yours,

DAVID M. HARRISON, ESQ.

cc:  Knuckles & Komosinski. P.C.
     220 White Plains Road
     6th Floor
     Tarrytown, NY 10591


DMH/dt.

Enc.

# NOTICE OF RIGHT TO CANCEL

Borrowers: **MARIA ROSE FIORENZA**    Application #: **5000206871**

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage, lien, or security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last:

    (1) the date of the new transaction, which is **5/11/06**      ; or
    (2) the date you received your new Truth in Lending disclosures; or
    (3) the date you received this notice of your right to cancel.

If you cancel this transaction, the mortgage, lien, or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien, or security interest on your home has been cancelled, and we must also return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below.

If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel the new transaction, you may do so by notifying us in writing, at:

    **FREMONT INVESTMENT & LOAN**

    **1411 OPUS PLACE - SUITE 600**
    **DOWNERS GROVE, IL 60515**
    **Funding Dept.    Attn: Funding Manager**

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of   **5/15/06**
                                                              (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

*Maria Rose Fiorenza*          *February 1, 2008*
Consumer's Signature                   Date
MARIA ROSE FIORENZA

I/We Received Two (2) copies of the **Notice of Right to Cancel** this Date        , 20 _ _ _

X *Maria Rose Fiorenza*
(Signature) **MARIA ROSE FIORENZA**

(Signature)                             (Signature)

(Signature)                             (Signature)

NORTCGEN   jxn   07/23/03

**FREMONT** INVESTMENT&LOAN

# CERTIFIED MAIL™ RECEIPT
## (Domestic Mail Only; No Insurance Coverage Provided)

**For delivery information visit our website at www.usps.com®**

MARLTON NJ 08053

| | | |
|---|---|---|
| Postage | $ | $0.58 |
| Certified Fee | | $2.65 |
| Return Receipt Fee (Endorsement Required) | | $2.15 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.38 |

0354

*USPS BROOKLYN FEB 15 2008 postmark*

Sent To HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE
FOR NOMURA HOME EQUITY LOAN INC. ASSET-BACKED CERTIFICATES
Street, Apt. No. SERIES 2006 FM1
or PO Box No. C/o EQUIMORE, 3.61 Lippincott Drive Sr. 100
City, State, ZIP+4 Marlton, New Jersey 08053

PS Form 3800, August 2006          See Reverse for Instructions

**EXHIBIT 3**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x

HSBC BANK USA, NATIONAL ASSOCIATION      Index No.: 13039/07
AS TRUSTEE FOR NOMURA HOME
EQUITY LOAN, INC. ASSET-BACKED      **NOTICE OF**
CERTIFICATES, SERIES 2006-FM2,      **APPEAL**

                  Plaintiff,

                                     Hon. Lucindo Suarez, J.S.C.

     -against-

MARIA ROSE FIORENZA, NICOLE
ORDINE d/b/a ORDINE CONTRACTING
COMPANY; JAN VASSALOTTI;
STREAMLINE WINDOWS, INC.;
NEW ELJAM PRODUCTS, INC.;
CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD;
                  Defendant(s).

------------------------------------------------------------x

**PLEASE TAKE NOTICE,** that David M. Harrison, Esq., attorney for the

defendant, MARIA ROSE FIORENZA, hereby appeals to the Appellate Division,

First Department, from the Order denying plaintiff's application for the following

relief: **(i)** Staying the foreclosure sale of the premises upon which this action is based

(1336 Gillespie Avenue, Bronx, New York), scheduled for March 3, 2008, pursuant to

the "Judgment of Foreclosure and Sale" rendered by the Honorable Court on or about

December 6, 2007; **(ii)** vacating the Honorable Court's prior order entitled "Judgment

of Foreclosure and Sale" (rendered by the Honorable Court on or about December 6,

2007), as against the defendant MARIA ROSE FIORENZA, pursuant to CPLR 5015(a);

and, **(iii)** permitting defendant MARIA ROSE FIORENZA to interpose an Amended

Answer, pursuant to CPLR 3025(b), for the purposes of raising certain affirmative

defenses based upon the Federal Truth In Lending Act, as set forth by 15 U.S.C. 1601 et

Seq. and Regulation Z, as well as The New York State Deceptive Acts and Practices

Statute, as set forth by Section 349 of the New York State General Business law; or

alternatively, **(iv)** staying all proceedings on the subject action, pursuant to CPLR 2201

and CPLR 3211(a)(4) by reason of those claims raised by defendant MARIA ROSE

FIORENZA in the action entitled: Maria Rose Fiorenza, Plaintiff, v. Fremont Investment

& Loan, HSBC Bank USA, National Association as Trustee for Nomura Home Equity

Loan Inc. Asset-Backed Certificates, Series 2006 –FM2 and Grace M. Pellegrino, D/B/A/

GMP Financial Services (venued in United States District Court, Southern District,

pursuant to Docket No.: 08-8658), rendered by the Honorable Lucindo Suarez, Justice of

the Supreme Court, County of Bronx, on March 24, 2008; and entered with the entered with

the Clerk of the Court on April 9, 2008; and served with notice of entry by counsel for

plaintiff, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA

HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES, SERIES 2006 FM2,

on April 14, 2008; upon defendant's counsel by mail, which order incorrectly denied

defendant MARIA ROSE FIORENZA's application for the herein requested relief; together

with such other errors that may be apparent upon a review of the record on appeal.


Dated: Brooklyn, New York
          May 14, 2008

Yours, etc.

**DAVID M. HARRISON, ESQ.**
Attorney for Defendant
MARIA ROSE FIORENZA
Office and P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

By: _____
David M. Harrison, Esq.

TO:     **KNUCKLES & KOMOSINSKI**
Attorneys for Plaintiff
HSBC BANK USA, NATIONAL
ASSOCIATION AS TRUSTEE
FOR NOMURA HOME EQUITY
LOAN, INC., ASSET-BACKED
CERTIFICATES, SERIES
2006-FM2
Office & P.O. Address
220 White Plains Road
6th Floor
Tarrytown, New York 10591
(914) 220-0155

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x

HSBC BANK USA, NATIONAL ASSOCIATION
AS TRUSTEE FOR NOMURA HOME
EQUITY LOAN, INC. ASSET-BACKED
CERTIFICATES, SERIES 2006-FM2,

                         Plaintiff,

          -against-

MARIA ROSE FIORENZA, NICOLE
ORDINE d/b/a ORDINE CONTRACTING
COMPANY; JAN VASSALOTTI;
STREAMLINE WINDOWS, INC.;
NEW ELJAM PRODUCTS, INC.;
CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD;

                      Defendant(s).

Index No.: 13039/07

**PRE-ARGUMENT**
**STATEMENT**

Hon. Lucindo Suarez, J.S.C.

------------------------------------------------------------x

    **DAVID M. HARRISON, ESQ.**, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true, upon information and belief, under penalty of perjury:

    1.  That I am the attorney for the defendant-appellant, MARIA ROSE FIORENZA, in connection with the above-captioned action; and as such, I am fully familiar with certain facts and circumstances heretofore had herein based on file material maintained in your affirmant's office.  Your affirmant files the foregoing Pre-Argument Statement, pursuant to Rule # 600.17

    2.  That your affirmant maintains an office address at 48 Willoughby Street, Brooklyn, New York 11201.  Your affirmant's telephone number is (718) 243-2109.

    3.  The plaintiff-respondent in this matter, HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC.

ASSET-BACKED CERTIFICATES, SERIES 2006-FM2, is represented by Knuckles &

Komosinski. P.C., 220 White Plains Road, 6th Floor, Tarrytown, New York 10591.

The telephone number for these attorneys is (914) 220-0155.

4.    None of the other parties named in this action have appeared.

5.    The subject foreclosure action arises from a refinance money mortgage loan

issued to defendant-appellant on or about May 11, 2006, secured by defendant-appellant's

residential premises located at 1336 Gillespie Avenue, Bronx, New York.  Plaintiff-

respondent is the assignee of this loan, as the original "lender" to the subject transaction

was Fremont Investment & Loan.

6.    Defendant-appellant MARIA ROSE FIORENZA hereby appeals to the

Appellate Division, First Department, from the Order rendered by Honorable Lucindo

Suarez, J.S.C. (dated March 24, 2008), denying defendant's application for the following

relief: **(i)** Staying the foreclosure sale of the premises upon which this action is based

(1336 Gillespie Avenue, Bronx, New York), scheduled for March 3, 2008, pursuant to

the "Judgment of Foreclosure and Sale" rendered by the Honorable Court  on or about

December 6, 2007; **(ii)** vacating the Honorable Court's prior order entitled "Judgment of

Foreclosure and Sale" (rendered by the Honorable Court on or about December 6, 2007),

as against the defendant MARIA ROSE FIORENZA, pursuant to CPLR 5015(a); and,

**(iii)** permitting defendant MARIA ROSE FIORENZA to interpose an Amended Answer,

pursuant to CPLR 3025(b), for the purposes of raising certain affirmative defenses based

upon the Federal Truth In Lending Act, as set forth by 15 U.S.C. 1601 et Seq. and

Regulation Z, as well as The New York State Deceptive Acts and Practices Statute, as set

forth by Section 349 of the New York State General Business law; or alternatively,

**(iv)** staying all proceedings on the subject action, pursuant to CPLR 2201 and

CPLR 3211(a)(4) by reason of those claims raised by defendant MARIA ROSE

FIORENZA in the action entitled: Maria Rose Fiorenza, Plaintiff, v. Fremont

Investment & Loan, HSBC Bank USA, National Association as Trustee for Nomura

Home Equity Loan Inc. Asset-Backed Certificates, Series 2006 -FM2 and Grace M.

Pellegrino, D/B/A/ GMP Financial Services (venued in United States District Court,

Southern District, pursuant to Docket No.: 08-8658).

7.    Defendant-appellant MARIA ROSE FIORENZA has exercised her right to

rescind/cancel the subject mortgage loan, by reason of defendant having not received

accurate preliminary disclosure relating to the material terms of the subject loan, as well

as accurate preliminary disclosure concerning the adjustable rate status of this transaction

(with defendant having never even executed an application for an adjustable rate loan, in

connection with the subject transaction).  Pursuant to the Federal Truth In Lending Act,

defendant had an extended right to rescind the subject loan.  As defendant has exercised

this right, the subject loan has been properly rescinded; and the subject foreclosure action

cannot proceed.  Defendant thereby possesses a reasonable basis as to seeking vacatur of

the Judgment of Foreclosure previously rendered by the Honorable Court.

8.    Judge Suarez's order further fails to address the merits of defendant-appellant

MARIA ROSE FIORENZA's rescission claims herein; and also fails to address defendant-

appellant's rightful application for a stay of all proceedings on the subject action, pursuant

to CPLR 2201 and CPLR 3211(a)(4), by reason of those claims raised by defendant MARIA

ROSE FIORENZA in the action entitled: Maria Rose Fiorenza, Plaintiff, v. Fremont Investment & Loan, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan Inc. Asset-Backed Certificates, Series 2006 –FM2 and Grace M. Pellegrino, D/B/A/ GMP Financial Services (venued in United States District Court, Southern District, pursuant to Docket No.: 08-8658), wherein defendant-appellant seeks judicial enforcement of her rescission of the subject mortgage.

9. Accordingly, defendant-appellant MARIA ROSE FIORENZA files her notice of appeal; as the subject order rendered by Justice Suarez was entirely improper and ill-founded; based upon information contained in plaintiff's motion papers filed with the Honorable Court, including an Affidavit rendered by the defendant, MARIA ROSE FIORENZA.

10. Your affirmant is unaware of the existence of any related action pending before any Court, in connection with the subject matter, aside from the federal action reference herein

Dated: Brooklyn, New York
       May 14, 2008

**DAVID M. HARRISON, ESQ.**

**PART 19**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

-------------------------------------------------------X

**HSBC BANK USA, N.A.,**

- against -

**MARIA ROSE FIORENZA, et al.**

-------------------------------------------------------X

Index Nº. **13039/2007**

Hon. **LUCINDO SUAREZ,**

Justice.

| | Case Disposed | ☒ |
| | Settle Order | ⌐ |
| | Schedule Appearance | ⌐ |

The following papers numbered 1 to 8 read on this motion to vacate the judgment of foreclosure and sale signed by this court on December 6, 2007, Noticed on February 28, 2008 and duly submitted on March 14, 2008:

| | PAPERS NUMBERED | |
|---|---|---|
| Order to Show Cause - Affirmation, Affidavit and Exhibits Annexed | 1-4 | |
| Affirmation in Opposition and Exhibits Annexed | 5-6 | |
| Supplemental Affirmation and Exhibits Annexed | 7-8 | |

Upon the foregoing papers this motion by defendant Maria Rose Fiorenza to vacate the judgment of foreclosure and sale and for other relief is denied, as stated in the annexed decision and order.



Dated: **03/24/2008**

Hon. _____

**LUCINDO SUAREZ, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: I.A.S. PART 19
-----------------------------------------------------------------X

HSBC BANK USA, N.A. as trustee for Nomura
Home Equity Loan, Inc. Asset Backed Certificates,
Series 2006-FM2,

                                      Plaintiff,

- against -

MARIA ROSE FIORENZA, NICOLE ORDINE
d/b/a ORDINE CONTRACTING COMPANY, JAN
VASSALOTTI, STREAMLINE WINDOWS, INC.,
NEW ELJAM PRODUCTS, INC., CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,

                                    Defendants.

-----------------------------------------------------------------X

**DECISION AND ORDER**

Index No. 13039/2007

PRESENT: Hon. Lucindo Suarez

      Upon the order to show cause dated February 20, 2008 and the affirmation, affidavit and

exhibits in support thereof; the March 12, 2008 affirmation in opposition and the exhibits

annexed thereto; the March 13, 2008 supplemental affirmation of defendant Maria Rose

Fiorenza's attorney and the exhibits annexed thereto; and due deliberation; this court finds:

      Defendant Maria Rose Fiorenza ("Fiorenza") moves to vacate a judgment of foreclosure

and sale signed by this court on December 6, 2007; for leave to serve a second amended answer

asserting various defenses pursuant to the Truth in Lending Act [15 U.S.C. §1601 et seq.],

General Business Law §349 and other claims, including rescission of the mortgage and note; and

to stay the foreclosure action and sale of the premises pending resolution of her claims in an

action commenced by her in United District Court for the Southern District of New York.

      Fiorenza asserts, in her proposed second amended answer, similar claims as she has

asserted in the action she commenced in Federal Court. The evidence, including the answers she

filed in this action and her opposition to plaintiff's motion for summary judgment, demonstrates that Fiorenza apparently has decided to alter her previously interposed unsuccessful defense, viz., that the contractor who performed renovation work on her house did not finish the job, so that she was unable to derive expected rental income with which to make her payments on the mortgage note. Fiorenza's belated assertion that she did not receive certain disclosures as required by the Truth in Lending Act is insufficient to warrant setting aside the judgment. Fiorenza does not dispute that on May 11, 2006, at the closing, she was given a form entitled "Notice of Right to Cancel" which states, in accordance with 15 U.S.C. 1635(a), that she had until May 15, 2006 to cancel the transaction. *See Mortgage Electronic Registration Systems, Inc. v. Maniscalco*, 46 A.D.3d 1279, 848 N.Y.S.2d 766 (3d Dep't 2007). The prejudice to plaintiff if the court were to permit Fiorenza to engage in this piecemeal assertion of defenses is manifest. *See O'Connell v. Corcoran*, 1 N.Y.3d 179, 802 N.E.2d 1071, 770 N.Y.S.2d 673 (2003). Although present counsel states that Fiorenza was never provided with a fair chance to oppose plaintiff's motion for a judgment of foreclosure and sale, and that the resultant judgment was entered on default, the court notes that Fiorenza was assisted by counsel, James G. Striar, Esq., and that she opposed plaintiff's summary judgment motion. The court rejected her asserted claims as not proper defenses against plaintiff, and mailed a copy of the decision and order granting the motion to Mr. Striar. No notice of appeal of that order was filed by Fiorenza.

Fiorenza's present counsel incorrectly asserts that Fiorenza should be permitted to set aside the judgment of foreclosure and sale on the ground of "excusable default." There was no default which resulted in the grant of plaintiff's summary judgment motion; this court considered Fiorenza's stated defenses and found that they were without merit. While the cover sheet dated

2

December 6, 2007 states that the motion was granted on default, that default refers merely to Fiorenza's lack of opposition to the referee's calculations, since the court had already considered Fiorenza's opposition to the motion for summary judgment, as stated in the decision and orders dated September 3, 2007 and October 22, 2007 granting plaintiff's motion. Fiorenza does not now dispute the referee's calculations.

Accordingly, it is

ORDERED, that the motion of defendant Maria Rose Fiorenza to vacate the judgment of foreclosure and sale, to permit said defendant to interpose a second amended answer, and to stay the judgment of foreclosure and sale of the premises pending resolution of her claims in an action commenced by her in United District Court for the Southern District of New York is denied; and it is further

ORDERED, that the temporary stays contained in the order to show cause signed on February 20, 2008, restricting plaintiff and Harry Forman, Esq., the court appointed referee, from proceeding with the foreclosure and sale, are vacated; and it is further

ORDERED, that the foreclosure sale of the premises may be renoticed by Harry Forman, Esq., the court appointed referee.

This constitutes the decision and order of the court.

Dated: March 24, 2008

RECEIVED
BRONX COUNTY CLERK'S OFFICE

APR 9 - 2008

PAID          NO FEE

3

Lucindo Suarez, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x
HSBC BANK USA, N.A.,

                              Plaintiff.        Index No.13039/2007
                                                NOTICE OF ENTRY
          -against-


MARIA ROSE FIORENZA, et al.

                              Defendants.
-----------------------------------------------x

PLEASE TAKE NOTICE

That the within is a (certified) true copy of the Order entered in the

office of the clerk of the within named Court on April 10, 2008.

Dated:    Tarrytown, NY
          April 14, 2008

                              Law Firm of Knuckles & Komosinski., P.C.

                              by: _____
                                  Karen B. Olson
                                  Attorneys for Plaintiff
                                  220 White Plains Road, 6th Floor
                                  Tarrytown, NY 10591
                                  (914) 220-0155

STATE OF NEW YORK:
COUNTY OF WESTCHESTER:        ss.:

    PURSUANT to CPLR 52105, the undersigned, an attorney duly admitted to practice law before the courts of the State of New York, certifies the attached document to be a certified copy of the original.

Karen B. Olson, Esq.

**PART 19**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

--------------------------------------------------------------------X

HSBC BANK USA, N.A.,

             - against -

**MARIA ROSE FIORENZA, et al.**

--------------------------------------------------------------------X

Index Nº. **13039/2007**

Hon. **LUCINDO SUAREZ**,

                        Justice.

Case Disposed ☒
Settle Order ⌐
Schedule Appearance ⌐

The following papers numbered 1 to 8 read on this motion to vacate the judgment of foreclosure and sale signed by this court on December 6, 2007, Noticed on February 28, 2008 and duly submitted on March 14, 2008:

|  | PAPERS NUMBERED |  |
|---|---|---|
| Order to Show Cause - Affirmation, Affidavit and Exhibits Annexed | 1-4 |  |
| Affirmation in Opposition and Exhibits Annexed | 5-6 |  |
| Supplemental Affirmation and Exhibits Annexed | 7-8 |  |

Upon the foregoing papers this motion by defendant Maria Rose Fiorenza to vacate the judgment of foreclosure and sale and for other relief is denied, as stated in the annexed decision and order.



Dated: **03/24/2008**

Hon. _____

          **LUCINDO SUAREZ, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: I.A.S. PART 19
-------------------------------------------------------------------X

HSBC BANK USA, N.A. as trustee for Nomura
Home Equity Loan, Inc. Asset Backed Certificates,
Series 2006-FM2,

                             Plaintiff,

- against -

MARIA ROSE FIORENZA, NICOLE ORDINE
d/b/a ORDINE CONTRACTING COMPANY, JAN
VASSALOTTI, STREAMLINE WINDOWS, INC.,
NEW ELJAM PRODUCTS, INC., CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,

                             Defendants.
-------------------------------------------------------------------X

                                      DECISION AND ORDER

                                      Index No. 13039/2007

PRESENT: Hon. Lucindo Suarez

     Upon the order to show cause dated February 20, 2008 and the affirmation, affidavit and

exhibits in support thereof; the March 12, 2008 affirmation in opposition and the exhibits

annexed thereto; the March 13, 2008 supplemental affirmation of defendant Maria Rose

Fiorenza's attorney and the exhibits annexed thereto; and due deliberation; this court finds:

     Defendant Maria Rose Fiorenza ("Fiorenza") moves to vacate a judgment of foreclosure

and sale signed by this court on December 6, 2007; for leave to serve a second amended answer

asserting various defenses pursuant to the Truth in Lending Act [15 U.S.C. §1601 et seq.],

General Business Law §349 and other claims, including rescission of the mortgage and note; and

to stay the foreclosure action and sale of the premises pending resolution of her claims in an

action commenced by her in United District Court for the Southern District of New York.

     Fiorenza asserts, in her proposed second amended answer, similar claims as she has

asserted in the action she commenced in Federal Court.  The evidence, including the answers she

filed in this action and her opposition to plaintiff's motion for summary judgment, demonstrates

that Fiorenza apparently has decided to alter her previously interposed unsuccessful defense, viz.,

that the contractor who performed renovation work on her house did not finish the job, so that

she was unable to derive expected rental income with which to make her payments on the

mortgage note. Fiorenza's belated assertion that she did not receive certain disclosures as

required by the Truth in Lending Act is insufficient to warrant setting aside the judgment.

Fiorenza does not dispute that on May 11, 2006, at the closing, she was given a form entitled

"Notice of Right to Cancel" which states, in accordance with 15 U.S.C. 1635(a), that she had

until May 15, 2006 to cancel the transaction. *See Mortgage Electronic Registration Systems, Inc.*

*v. Maniscalco*, 46 A.D.3d 1279, 848 N.Y.S.2d 766 (3d Dep't 2007). The prejudice to plaintiff if

the court were to permit Fiorenza to engage in this piecemeal assertion of defenses is manifest.

*See O'Connell v. Corcoran*, 1 N.Y.3d 179, 802 N.E.2d 1071, 770 N.Y.S.2d 673 (2003).

Although present counsel states that Fiorenza was never provided with a fair chance to oppose

plaintiff's motion for a judgment of foreclosure and sale, and that the resultant judgment was

entered on default, the court notes that Fiorenza was assisted by counsel, James G. Striar, Esq.,

and that she opposed plaintiff's summary judgment motion. The court rejected her asserted

claims as not proper defenses against plaintiff, and mailed a copy of the decision and order

granting the motion to Mr. Striar. No notice of appeal of that order was filed by Fiorenza.

Fiorenza's present counsel incorrectly asserts that Fiorenza should be permitted to set

aside the judgment of foreclosure and sale on the ground of "excusable default." There was no

default which resulted in the grant of plaintiff's summary judgment motion; this court considered

Fiorenza's stated defenses and found that they were without merit. While the cover sheet dated

2

December 6, 2007 states that the motion was granted on default, that default refers merely to Fiorenza's lack of opposition to the referee's calculations, since the court had already considered Fiorenza's opposition to the motion for summary judgment, as stated in the decision and orders dated September 3, 2007 and October 22, 2007 granting plaintiff's motion. Fiorenza does not now dispute the referee's calculations.

Accordingly, it is

ORDERED, that the motion of defendant Maria Rose Fiorenza to vacate the judgment of foreclosure and sale, to permit said defendant to interpose a second amended answer, and to stay the judgment of foreclosure and sale of the premises pending resolution of her claims in an action commenced by her in United District Court for the Southern District of New York is denied; and it is further

ORDERED, that the temporary stays contained in the order to show cause signed on February 20, 2008, restricting plaintiff and Harry Forman, Esq., the court appointed referee, from proceeding with the foreclosure and sale, are vacated; and it is further

ORDERED, that the foreclosure sale of the premises may be renoticed by Harry Forman, Esq., the court appointed referee.

This constitutes the decision and order of the court.

Dated: March 24, 2008

RECEIVED
BRONX COUNTY CLERK'S OFFICE

APR 9 - 2008

PAID      NO FEE

3

Lucindo Suarez, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x

HSBC BANK USA, N.A.,

                              Plaintiff.        Index No. 13039/2007

              -against-                         AFFIDAVIT OF SERVICE


MARIA ROSE FIORENZA, et al.

                              Defendants.
-----------------------------------------------x

       I, Jessica Davis, being duly sworn, says; I am not a party to the action, am
over 18 years of age and reside in Yorktown Heights, New York.

       On April 14, 2008, I served the within Order with Notice of Entry by
depositing a true copy thereof enclosed in a postage paid plain envelope, in an
official depository under the exclusive care and custody of the U.S. Postal Service
within the State of New York, addressed by first class mail to the following
persons at the last known address set forth:

Harry M. Forman, Esq.                    David Harrison, Esq.
888 Grand Concourse, Apt. 1K             48 Willoughby Street
Bronx, NY 10451                          Brooklyn, NY 11201


**PLEASE BE ADVISED THAT NO OTHER PARTIES HAVE ANSWERED, APPEARED, OR REQUESTED
NOTICE OF THIS APPLICATION.**


                                         _Jessica Davis_
                                         Jessica Davis


Sworn to before me this
___ day of April 2008

_____
    Notary Public


        KAREN B OLSON
Notary ... ... New York
    No ... ...
On... ... ... County
Term ... ... ...

## AFFIRMATION OF SERVICE

**DAVID M. HARRISON, ESQ.**, an attorney duly admitted to practice law before

the Courts of the State of New York, affirms the following under penalty of perjury pursuant

to C.P.L.R. 2106.

1.   That I am the attorney of record for the defendant MARIA ROSE FIORENZA.

2.   That on May 14, 2008, I served the within REQUEST FOR APPELLATE

INTERVENTION & NOTICE OF APPEAL; as well as the PRE-ARGUMENT STATEMENT,

(with a duplicate copy of the Order rendered by Honorable Lucindo Suarez, J.S.C., dated

March 24, 2008; as well as a duplicate copy of the "Order with Notice of Entry" served by

counsel for plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR

NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES

2006-FM2, dated April 14, 2008) on the below-named parties; by depositing true copies of

same enclosed in postpaid properly addressed wrappers, in an official depository under the

exclusive care and custody of the United States Post Office Department, within The State of

New York.

3.   That no other party has appeared in this action.


TO:   **KNUCKLES & KOMOSINSKI, P.C.**
      Attorneys for Plaintiff
      HSBC BANK USA, NATIONAL
      ASSOCIATION AS TRUSTEE FOR
      NOMURA HOME EQUITY LOAN,
      INC., ASSET-BACKED
      CERTIFICATES SERIES 2006-FM2
      Office & P.O. Address
      220 White Plains Road
      6th Floor
      Tarrytown, New York   10591
      (914) 220-0155

Dated: Brooklyn, New York
      May 14, 2008

Yours, etc.

**DAVID M. HARRISON, ESQ.**
Attorney for Defendant
MARIA ROSE FIORENZA
Office and P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

By: _____
    David M. Harrison, Esq.

SUPREME COURT OF NEW YORK                          Index No.: 13039/07
COUNTY OF BRONX
---------------------------------------------------------------------------------------

HSBC BANK USA, NATIONAL ASSOCIATION AS
TRUSTEE FOR NOMURA HOME EQUITY LOAN,
INC. ASSET-BACKED CERTIFICATES, SERIES
2006-FM2,

                              Plaintiff,

                    -against-

MARIA ROSE FIORENZA, NICOLE ORDINE,
D/B/A ORDINE CONTRACTING COMPANY;
JAN VASSALOTTI; STREAMLINE WINDOWS,
INC., NEW ELJAM PRODUCTS, INC; CITY
OF NEW YORK ENVIRONMENTAL CONTROL
BOARD,

                              Defendant(s).

---------------------------------------------------------------------------------------

**REQUEST FOR APPELLATE INTERVENTION
NOTICE OF APPEAL & PRE-ARGUMENT STATEMENT**

---------------------------------------------------------------------------------------

**DAVID M. HARRISON, ESQ.**
Attorney for Defendant
MARIA ROSE FIORENZA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

---------------------------------------------------------------------------------------

PLEASE TAKE NOTICE:
  [ ] Notice of Entry
  that the within is a (certified) true copy of Order          duly entered in the office of the clerk
of the within named court on

  [ ] Notice of Settlement

that an order                      of which the within is a true copy
will be presented for settlement to the HON          one of the judges of the
within named Court, at
on            19     at      M.
      Dated,                    Yours, etc.

Val. 917-838-2441.

**EXHIBIT 4**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x

HSBC BANK USA, NATIONAL ASSOCIATION          Index No.: 13039/2007
AS TRUSTEE FOR NOMURA HOME EQUITY
LOAN, INC. ASSET-BACKED CERTIFICATES,        **SUPPLEMENTAL**
SERIES 2006-FM2,                             **AFFIRMATION**

                         Plaintiff,

            -against-

MARIA ROSE FIORENZA, NICOLE ORDINE
D/B/A ORDINE CONTRACTING COMPANY;
JAN VASSALOTTI; STREAMLINE WINDOWS,
INC.; NEW ELJAM PRODUCTS, INC.; CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD,

                         Defendant(s).

-------------------------------------------------------------x

     **DAVID M. HARRISON, ESQ.**, an attorney duly admitted to practice law before

the Courts of the State of New York, affirms under penalty of perjury as follows:

     1. That I am the attorney for the defendant, MARIA ROSE FIORENZA, in the

above-entitled action and, as such, am fully familiar with the facts and circumstances

heretofore had herein, based upon file material maintained in your affirmant's office.

     2. This supplemental Affirmation is respectfully submitted in support of the

instant application, by order to show cause: **(i)** Staying the foreclosure sale of the

premises upon which this action is based (1336 Gillespie Avenue, Bronx, New York),

scheduled for March 3, 2008, pursuant to the "Judgment of Foreclosure and Sale"

**clearly establishes that defendant MARIA ROSE FIORENZA never made application for an Adjustable Rate loan, in connection with the subject transaction**. The first page of this document describes the "Type" of loan as being that of a "**Fixed Rate**", with the same monthly payments to be made **360 out of 360 months**. **As defendant MARIA ROSE FIORENZA did not execute an application for an Adjustable Rate loan, the processing of such financing by the original "lender" to the loan, Fremont Investment & Loan, as well as the "broker" to the loan, GMP Financial Services, is clearly improper; and the resultant loan must be deemed invalid**. Annexed hereto and made a part hereof as defendant's **Exhibit "A"** is a duplicate copy of said Uniform Residential Loan Application document. While this application was apparently prepared by the broker to the subject loan, Grace Pellegrino, it is the responsibility of the <u>lender</u> to the loan to provide adequate Truth In Lending disclosure to a prospective borrower. <u>See 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a)</u>. Clearly that was not done here, as defendant never made application for any loan containing a variable rate feature. As such, defendant MARIA ROSE FIORENZA's rescission/cancellation of the loan (thereby negating plaintiff's security interest in defendant's residential property, and rendering the subject foreclosure action as moot) is entirely proper.

4. It should also be noted that Grace Pellegrino appears to have blatantly inflated defendant MARIA ROSE FIORENZA's status, in connection with this loan. The "Uniform Residential Loan Application" reflects defendant as earning a monthly "total" income of $13,730.00 ($9,850.00 from her "base employment"; $1,875.00 from "rental income" and $2,005.00 from "social security" income). This figure is

grossly inaccurate, as defendant has never earned such a monthly income (the "rental figure is almost comical, given the renovations that were being done to the property at the time; while the social security income is seemingly inconsistent with a base employment income of $9,850.00 per month). It appears that Fremont Investment & Loan took no measures to substantiate this income information reflected in this document.

5.   Your affirmant has also come into possession of a "preliminary" Federal Truth In Lending Statement which Fremont Investment & Loan alleges to have served upon defendant MARIA ROSE FIORENZA prior to the date of closing. **The material information reflected in this document, however, is radically different than those terms evidenced by the "final" Federal Truth In Lending Statement received by defendant at the "closing" of the subject loan.** The "preliminary" Truth In Lending Statement (a duplicate copy of which is annexed hereto and made a part hereof as defendant's **Exhibit "B"** provides the following loan terms: **Annual Percentage Rate: 11.164 e%; Finance Charge: $1,429,638.13 e; Amount Financed: $550,112.39 e; Total of Payments: $1,979.750.52 e.** This document goes on to state that for the first 24 months, defendant would be obligated to make a monthly payment of **$4,316.71**; for the next **6** months, defendant would be obligated to make a monthly payment of **$5,110.68**; and for the last **330** months, defendant would be obligated to make a monthly payment of **$5,592.38**. While the figures evidenced on said "preliminary" Federal Truth In Lending Statement were estimates, such figures were significantly different than those terms evidenced in the "final" Federal Truth In Lending

Statement exchanged upon the defendant at the "closing" of the subject transaction on May 11, 2006 ( a duplicate copy of which is annexed hereto and made a part hereof as Exhibit "C"). This "final" Federal Truth In Lending Statement document set forth the following terms: **Annual Percentage Rate: 11.618%**; **Finance Charge: $1,680,024.24** ; **Amount Financed: $616,977.30**; **Total of Payments: $2,297,001.54**. This document goes on to state that for the first **24** months, defendant would be obligated to make a monthly payment of **$5,105.34**; for the next **6** months, defendant would be obligated to make a monthly payment of **$6.013.33**; and for the last **330** months, defendant would be obligated to make a monthly payment of **$6,479.98**. Accordingly, defendant MARIA ROSE FIORENZA's monthly payment amount during the first two years following the date of "closing" of the loan (and even before the loan's variable rate status was triggered) was approximately **$800** more per month than what was reflected on the previous like disclosure document forwarded by Fremont Investment & Loan to defendant. Defendant would thereafter be forced to pay approximately **$1,000** more per month than what was disclosed to her previously. These payment obligations are clearly significantly different; and as such, required Fremont Investment & Loan to provide "redisclosure" of the material terms of the loan, subsequent to its March 14, 2006 "predisclosure", and prior to the May 11, 2006 "date of closing". **The failure of Fremont Investment & Loan to make such "redisclosure" appears to be in blatant violation of Federal Truth In Lending law; and thereby giving rise to an automatic right of rescission on the part of defendant MARIA ROSE FIORENZA. Regulation Z plainly states that there are circumstances where a change in the**

interim will trigger a redisclosure requirement. **One such circumstance is if the annual percentage rate changes by more than 1/8 of 1 percentage point in a "regular transaction" or by more than 1/4 of a percentage point in an "irregular transaction", then the creditor must disclose the changed terms prior to consummation**. See Regulation Z § 226.17(f) and Official Staff Commentary Regulation Z § 226.17(f)-1(i)(A). See also Billions v. White & Stafford Furniture Co., Inc., 528 So.2d 878 (Ala. Ct. App. 1988). See also Truth In Lending, National Consumer Law Center/Sixth Edition, by Elizabeth Renuart and Kathleen Keest (2007) (Section 4.4.8). **In the present action, the Annual Percentage Rate reflected in the "Final" Federal Truth In Lending Statement is more than 1/2 of a percentage point higher than what was reflected in the "preliminary" Truth In Lending Statement (11.618%, as opposed to 11.164%)**. There was apparently no redisclosure, however, of this information made by Fremont Investment & Loan to defendant herein at any point between its alleged service of the "preliminary" and "final" Truth In Lending Statements. Accordingly, Fremont Investment & Loan violated Truth In Lending law by failing to provide such redisclosure; and defendant's right to rescind/cancel the subject loan has been properly exercised.

**WHEREFORE**, it is respectfully requested that defendant MARIA ROSE FIORENZA'a's application for the relief requested be granted in its entirety, thereby staying the foreclosure sale scheduled for March 3, 2008; and vacating the JUDGMENT OF FORECLOSURE AND SALE dated December 6, 2007; and permitting the defendant to interpose an Amended Answer; and for such other and further relief as

this Court may deem just and proper.

Dated:    Brooklyn, New York.
          March 13, 2008

DAVID M. HARRISON, ESQ.