**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

MARIA ROSE FIORENZA,

              **Plaintiff,**

    - against -

FREMONT INVESTMENT & LOAN,
HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
NOMURA HOME EQUITY LOAN, INC.
ASSET-BACKED CERTIFICATES,
SERIES 2006-FM2, and GRACE M.
PELLEGRINO, DBA GMP FINANCIAL
SERVICES,

             **Defendants.**
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/08

**OPINION AND ORDER**

**08 Civ. 858 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Rose Maria Fiorenza owns a residential property at 1336
Gillespie Avenue, Bronx, New York. Fiorenza asserts that Grace M. Pellegrino
fraudulently induced her to refinance her mortgages with Fremont Investment &
Loan ("Fremont"), which did not provide her, prior to the closing, with material
disclosures required under the Truth in Lending Act ("TILA").[1] In addition to
numerous state law claims, Fiorenza seeks rescission of the mortgage pursuant to

---

[1]    15 U.S.C. §§ 1601 et seq.

1

TILA and termination of any security interest in her residence created in Fremont and thereafter assigned to HSBC Bank USA ("HSBC"). Fremont and HSBC move to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion is granted.

## II. BACKGROUND

### A. Facts[2]

In or about January 2006, Grace Pellegrino, doing business as GMP Financial Services ("Pellegrino"), "cold called" Maria Rosa Fiorenza to see whether Fiorenza wanted to refinance the existing mortgages on her residential property located at 1336 Gillespie Avenue, Bronx, New York.[3] Pellegrino advised Fiorenza that, by refinancing, Fiorenza could obtain a "lower rate" of interest and "get a good deal," as well as obtain a loan with a "fixed" rate of interest.[4] After Fiorenza provided Pellegrino with information regarding her income, including tax and income record authorizations, Pellegrino informed Fiorenza that she qualified for refinancing that would allow Fiorenza to satisfy her existent

---

[2]    The facts in this section are taken from plaintiff's Complaint and moving papers, and are assumed to be true for purposes of this motion.

[3]    Complaint ("Compl.") ¶ 19.

[4]    *Id.* ¶¶ 20-21.

2

mortgage balances and receive a significant "cash out."[5]

Pursuant to Pellegrino's representations, Fiorenza decided to apply for refinancing of the current mortgages. Fremont processed the application submitted by Pellegrino and agreed to provide Fiorenza with a loan for $634,500.00[6] (the "Loan"), to be secured by a mortgage on Fiorenza's residence.[7] The closing of the Loan took place on May 11, 2006.[8] At no time prior to the closing did Fremont provide any documents detailing the nature, status, or terms of the Loan to Fiorenza.[9]

At the closing, Fremont provided Fiorenza with numerous documents pertaining to the Loan: 1) a document entitled "Mortgage" (with a document annexed entitled "Adjustable Rate Rider"), 2) a document entitled "Adjustable Rate Note," 3) a document entitled "Settlement Statement" (also entitled "U.S. Department of Housing and Urban Development Statement"), and 4) a document

---

5    *Id.* ¶¶ 23, 25.

6    *Id.* ¶ 34.

7    *Id.* ¶ 24.

8    *See id.* ¶ 29.

9    *Id.* ¶¶ 29-30.

3

entitled "Federal Truth-in-Lending Disclosure Statement."[10]  The "Federal Truth

in Lending Disclosure Statement" indicated the annual percentage rate and finance

charge, total payments, and payment schedule of the Loan, as well as the total

amount financed and a notification that the Loan contained a variable rate

feature.[11]  Additionally, at the closing, Fremont provided Fiorenza with a form

entitled "Notice of Right To Cancel."[12] Thereafter, Fremont assigned the mortgage

and note to HSBC.[13]

Fiorenza then defaulted on the Loan.[14]  In response, HSBC

commenced an action to foreclose on the mortgage in the Supreme Court of the

---

[10]     *Id.* ¶ 32.

[11]     *See id.* ¶¶ 51-54.

[12]     *See* Plaintiff's Memorandum of Law in Opposition to Defendants'
Motion to Dismiss ("Pl. Mem.") at 15. As noted in *Brass v. American Film
Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted), consideration of
a Rule 12(b)(6) motion may include "documents either in plaintiff's possession or
of which plaintiffs had knowledge and relied on in bringing suit." Accordingly,
Fiorenza concedes that she has been in possession of the notice of the right to
rescind since the closing. *See* Pl. Mem. at 15. Fiorenza also relies on the letters of
rescission sent in February 2008 in seeking judicial enforcement of rescission of
the Loan. *See id.* at 4.

[13]     *See* Compl. ¶ 149.

[14]     *See id.* ¶ 151.

4

State of New York, Bronx County.[15]  In addition to defending herself in the foreclosure action, Fiorenza forwarded a notice of rescission of the Loan to Fremont and counsel for HSBC on February 13, 2008, and sent another notice of rescission directly to HSBC on February 14, 2008.[16]

## B. Procedure

In January 2008, Fiorenza commenced the instant action, seeking, pursuant to TILA, rescission of the Loan and termination of the security interest in her residence created in Fremont and assigned to HSBC. In addition to the TILA claims, Fiorenza's complaint also states numerous state law claims against Fremont, HSBC and Pellegrino. Defendants Fremont and HSBC now assert that Fiorenza has failed to state a claim upon which rescission can be granted, and in addition move to dismiss on the grounds of lack of subject matter jurisdiction.

## III. APPLICABLE LAW

### A. Motion to Dismiss

When deciding a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual

---

[15]   *HSBC Bank USA v. Fiorenza*, No. 13039 (N.Y. Sup. Ct. Sept. 13, 2007).

[16]   *See* Pl. Mem. at 4.

5

allegations contained in the complaint"[17] and "draw all inferences in the light most favorable to the non-moving party."[18] Nevertheless, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[19]

In deciding a motion to dismiss, the court is not limited to the face of the complaint, but "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."[20] However, "before materials outside the record may become the basis for a dismissal . . . it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."[21]

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and

---

[17] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1975 (2007) (quotation marks omitted). *Accord In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

[18] *In re NYSE Specialists*, 503 F.3d at 95.

[19] *Id.* (quotation marks omitted).

[20] *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

[21] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

6

plain statement of the claim showing that the pleader is entitled to relief.'"[22] To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[23] Although the complaint need not provide "detailed factual allegations,"[24] it must "amplify a claim with some factual allegations . . . to render the claim *plausible*."[25] The standard is no longer that a complaint can be dismissed only if there us "'no set of facts'" that plaintiff could prove "'which would entitle him to relief.'"[26] Rather, the complaint must provide "'the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"[27]

## B. Truth In Lending Act

Congress enacted TILA to "'assure a meaningful disclosure of credit

---

[22]  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[23]  *See Bell Atl.*, 127 S. Ct. at 1970.

[24]  *Id.* at 1964. *Accord ATSI*, 493 F.3d at 98 n.2.

[25]  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

[26]  *Bell Atl.*, 127 S. Ct. at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *Accord id.* at 1969 ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

[27]  *ATSI*, 493 F.3d at 98 (quoting *Bell Atl.*, 127 S. Ct. at 1965).

7

terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . .'"[28] In furtherance of this goal, TILA requires that creditors provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights,"[29] as well as notice of the borrower's right of rescission.[30] Additionally, if a loan contains a variable rate, a borrower will be entitled to additional disclosures regarding the variable rate feature.[31]

Creditors who do not comply with the mandated duty to disclose are subject to civil liability.[32] "The court need find 'only a single violation of the statutory requirements to hold [a] defendant liable under TILA.'"[33] Accordingly,

---

[28]   *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (quoting 15 U.S.C. § 1601(a)).

[29]   *Id.* (citations omitted).

[30]   *See* 12 C.F.R. § 226.23(b)(1).

[31]   *See id.* § 226.19(b).

[32]   *See* 15 U.S.C. § 1640(a). *See also Beach*, 523 U.S. at 412 ("Failure to satisfy the Act subjects a lender to . . . statutory and actual damages traceable to [their] failure to make the requisite disclosures . . . .").

[33]   *Clement v. American Honda Fin. Corp.*, 145 F. Supp. 2d 206, 210 (D. Conn. 2001) (quoting *Griggs v. Provident Consumer Disc. Co.*, 503 F. Supp. 246, 250 (E.D. Pa. 1980)).

8

TILA has been described as creating a "'system of strict liability in favor of the consumers when mandated disclosures have not been made.'"[34] Because section 1640 of TILA imposes a one year statute of limitations,[35] however, the window is short in which a borrower may bring a suit for damages for a lender's failure to disclose.

Statutory damages is not the only remedy available to a borrower who did not receive all the mandated disclosures. In addition, TILA furnishes borrowers with a right to rescind the transaction.[36] TILA provides that:

> in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom the credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of [material disclosure and

---

[34] *Id.* (quoting *Smith v. Fidelity Consumer Disc. Co.*, 898 F.2d 896, 898 (3d Cir. 1990)).

[35] *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.").

[36] *See McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101, 2007 WL 2702348, at *12, n.17 (E.D.N.Y. Sept. 12, 2007) (stating that the one-year limitations period in section 1640(e) does not apply to claims for rescission of a credit transaction under section 1635).

9

rescission forms], whichever is later.[37]

A borrower who exercises her right to rescind "is not liable for any finance or other charge, and any security interest given by the obligor . . . becomes void upon such a rescission."[38] So too, "[a]ny consumer who has the right to rescind a transaction under section 1635 . . . may rescind the transaction as against any assignee of the obligation."[39]

The three day rescission period granted by section 1635(a) will begin running when the creditor provides the borrower with those disclosures specifically set forth in footnote 48 to section 226.23(a)(3) of Section 12 of the

---

[37]     15 U.S.C. § 1635(a). *Accord* 12 C.F.R. § 226.23(a)(3) ("The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the [notice of right to rescind], or delivery of all material disclosures, whichever occurs last."). Material disclosures refers to "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)." *Id.* § 226.23(a)(3) n.48. 12 C.F.R. § 226.2(a)(13) defines "consummation" as "the time that a consumer becomes contractually obligated on a credit transaction." "When a consumer 'becomes contractually obligated' is, in turn, determined by looking to state law . . . ." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

[38]     15 U.S.C. § 1635(b).

[39]     15 U.S.C. § 1641(c). *See also Mayfield v. General Elec. Capital Corp.*, No. 97 Civ. 2786, 1999 WL 182586, at *6 (S.D.N.Y. Mar. 31, 1999) ("A consumer's right to rescind under TILA may be exercised against assignees." (citation omitted)).

10

Code of Federal Regulations.[40] However, the three day rescission period may be extended. If the creditor fails to deliver the material disclosures required by footnote 48 or the notice of the right to rescind, section 1635(f) of TILA extends the right of rescission for three years after the date of consummation of the transaction, or until the property is sold, whichever occurs first.[41] Additionally, the Federal Reserve Board, which implements TILA, states in its official staff interpretations[42] that a lender's "failure to inform the consumer of the existence of a variable rate feature" is part of the material disclosures that, if not provided, will lead to an extended rescission period.[43] Not surprisingly, the circumstances giving rise to an extended right of rescission are quite limited. Only the failure to provide those disclosures required by section 1635 and set forth in footnote 48

---

[40]  *See Jackson v. CIT Group/Consumer Finance, Inc.*, No. 2:06-cv-543, 2007 WL 4462183, at \*3 (W.D. Pa. Dec. 19, 2007).

[41]  *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).

[42]  "Congress has specifically designated the Federal Reserve Board and staff as the primary source for interpretation and application of [TILA]." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566 (1980). Hence, the official staff interpretations are dispositive in construing TILA unless the staff interpretations are "'demonstrably irrational.'" *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 424 (S.D.N.Y. 2003) (citation omitted).

[43]  12 C.F.R. Pt. 226 Supp. I. FRB Commentary to 12 C.F.R. § 226.23(a)(3), ¶ 2 (Material Disclosures).

will result in an extension of the rescission period.[44]  Conversely, if the disclosures

listed in footnote 48 are made, "the consumer does not have a right to rescind the

loan beyond three days after consummation of the transaction."[45]

## C.   Supplemental Jurisdiction

A district court may exercise supplemental jurisdiction over non-

federal causes of action in a case if they arise from the same case or controversy as

the federal claims in that case.[46]  In the context of supplemental jurisdiction,

federal and state claims form "one case of controversy" if they "derive from a

common nucleus of operative facts."[47]  However, "[s]upplemental jurisdiction is

---

[44]    *See id.* ("Failure to give the other [TILA] required disclosures does
not prevent the running of the rescission period, although that failure may result in
civil liability or administrative sanctions.").  Courts outside the Second Circuit
have reached a similar conclusion. *See Mills v. Equicredit Corp.*, No. 05-1088,
2006 WL 455158, at *4 (6th Cir. Feb. 24, 2006) ("'[Borrowers] only have a right
to rescind after the three day period has passed if the right to rescind was not
disclosed or if other material disclosures were not made as required.'" (quoting
*Rudisell v. Fifth Third Bank*, 622 F.2d 243, 251 (6th Cir. 1980))); *Rand Corp. v.
Yer Song Moua*, Civ. No. 07-510, 2007 WL 1576732, at *5 (D. Minn. May 30,
2007) ("The three year right of rescission arises only if the lender fails to provide
material disclosures at all." (citations omitted)).

[45]    *Jackson*, 2007 WL 4462183, at *3.

[46]    28 U.S.C. § 1367(a).

[47]    *Achtman v. Kirby, McInerney, & Squire, LLP*, 464 F.3d 328, 335 (2d
Cir. 2006).

12

not mandatory."[48] A district court may decline to exercise supplemental

jurisdiction if: 1) the claim raises a novel or complex issue of state law, 2) the

claim substantially predominates over the claim or claims over which the district

court has original jurisdiction, 3) the district court has dismissed all claims over

which it has original jurisdiction, or 4) in exceptional circumstances, there are

other compelling reasons for declining jurisdiction.[49] Although the court may

invoke section 1367(c) at its discretion, "in the usual case in which all federal law

claims are eliminated before trial, the balance of factors to be considered under the

[supplemental] jurisdiction doctrine – judicial economy, convenience, fairness,

and comity – will point toward declining to exercise jurisdiction over the

remaining state law claims."[50]

## IV. DISCUSSION

### A. Failure to State a Claim

Fiorenza's complaint raises ten causes of action. For purposes of this

---

[48]    *Arthur Glick Truck Sales v. H.O. Penn Mach. Co.*, 332 F. Supp. 2d. 584, 585 (S.D.N.Y. 2004).

[49]    28 U.S.C. § 1367(c).

[50]    *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1987) (citations omitted). *Accord Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial.").

motion, I focus on only the first two causes of action – those seeking rescission of the Loan pursuant to TILA – which raise federal questions.

Fiorenza asserts that Fremont violated TILA's mandates when it failed to provide her with initial disclosures concerning the material terms of the Loan and preliminary disclosures concerning the Loan's adjustable rate status.[51] Fremont's failure to provide her with these documents prior to the closing, Fiorenza argues, afforded her, pursuant to section 1635(f), an extended period of three years in which to rescind the Loan. Fiorenza therefore argues that the notices of rescission sent to Fremont and HSBC in February 2008 effectively rescinded the Loan and terminated any security interest in Fiorenza's property created in Fremont and thereafter assigned to HSBC. Accordingly, Fiorenza seeks to enjoin HSBC from "instituting, prosecuting, or maintaining foreclosure proceedings" on her property, or from "otherwise taking any steps to deprive [her] of her ownership interest" in the residence.[52]

Fiorenza's understanding of TILA's rescission remedy is mistaken. Although TILA is to be liberally construed in favor of borrowers,[53] the allegations

---

[51]    See Pl. Mem. at 4.

[52]    Compl. ¶¶ 85, 93.

[53]    See Schnall v. Marine Midland Bank, 225 F.3d 263, 267 (2d Cir. 2000) ("'Consistent with its purpose, [TILA] is meant to be construed liberally in

14

in Fiorenza's complaint make clear that she only had three days in which to rescind the transaction. Fremont's delivery of the material disclosures and notice of right to rescind at the closing precluded an extension of Fiorenza's right to rescind the Loan. Accordingly, Fiorenza's attempt to rescind the Loan is time-barred. Because Fiorenza fails to state a TILA claim on which relief can be granted, I am compelled to dismiss the first two causes of action in her complaint.

Fiorenza alleges that Fremont failed to provide her with TILA mandated disclosure forms and the notice of right to rescind prior to the closing. Assuming for the purposes of this motion that Fiorenza's allegation is true, Fremont may well have violated TILA's disclosure requirements.[54]   Indeed, had

_____

favor of the consumer.'" (quoting *Fairley v. Turan-Foley Imps., Inc.*, 65 F.3d 475, 479 (5th Cir. 1995))).

[54]     15 U.S.C. § 1638(b)(1) states that the disclosures required by TILA "shall be made before the credit is extended." However, with respect to certain mortgages, TILA requires that some disclosures, including ones concerning the annual percentage rate, be given "not less than 3 business days prior to the consummation of the transaction." *Id.* § 1639(b)(1). *See Williams v. Gelt Fin. Corp.*, 237 B.R. 590, 595 (E.D. Pa. 1999) (finding defendant violated TILA, and was liable for statutory damages, by not providing a copy of special high cost mortgage loan disclosure statement to a borrower who signed a mortgage on his home as security for a loan at least three days before the loan transaction was consummated). For purposes of this motion, though, the Court need not reach the issue. *See McAnaney ,* 2007 WL 2702348, at *12 (citation omitted) ("[T]he plain language of Section 1640(e) and the cases interpreting that statute indicate that, where a damages claim under TILA is time-barred, the Court is prohibited from even reaching the question of whether the defendant has violated TILA.").

Fiorenaza sued for damages within one year of the occurrence of the violation, Fremont may have been liable for statutory damages due to untimely disclosures.[55]

Fiorenza, however, seeks rescission of the Loan, and TILA makes clear that an extended right to rescind a transaction will arise only when a lender fails to provide a borrower with mandated material disclosures or the notice of right to rescind.[56] Mere late disclosure, even if technically a violation of TILA that could lead to statutory damages, will not give rise to an extended right to rescind the transaction. Where a loan made in a consumer credit transaction is secured by the borrower's principal dwelling and the lender provides the requisite information and forms, the borrower may rescind the transaction only "until midnight of the third business day following the consummation of the transaction or the delivery of the [material disclosures] and rescission forms."[57] Thus, Fiorenza's assertion that the failure of a lender to provide a borrower with

---

[55]    *See* 15 U.S.C. § 1640(a).

[56]    *See id.* § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of property, whichever occurs first, notwithstanding the fact that the information and forms required . . . have not been delivered to the obligor . . . .); 12 C.F.R. § 226.23(a)(3) ("If the required notice [of right to rescind] or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation . . . .").

[57]    15 U.S.C. § 1635(a).

16

mandated material disclosures prior to the date of closing of the loan gives rise to an extended right on the part of the borrower to rescind the subject transaction is incorrect.[58]

Although there appears to be no case within the Second Circuit directly on point, other district courts have addressed whether a lender's failure to provide TILA mandated disclosures prior to the closing will give rise to an extended right of rescission. For example, in *Oscar v. Bank One, N.A.*, the plaintiffs asserted that they were not provided with disclosures concerning the variable rate of their home mortgage prior to the closing.[59] The plaintiffs did, however, acknowledge that they received notification of the loan's variable interest rate feature at the closing.[60] Consequently, the closing triggered the three day rescission period.[61] Thus, the Court held, the plaintiffs were not entitled to rescind the transaction more than two years after it had been consummated.[62]

---

[58] *See Chiles v. Ameriquest Mortgage Co*, No. 06-5081, 2008 WL 724612, at *2 (E.D. Pa. Mar. 17, 2008) (holding that defendant's failure to provide the proper disclosures related to the variable rate prior to the closing did not give plaintiff an extended right to rescind the loan).

[59] No. Civ.A.05-5928, 2006 WL 401853, at *1 (E.D. Pa. Feb. 17, 2006).

[60] *See id.* at *3.

[61] *See id.*

[62] *See id.* at *4.

Similarly, in *Rand Corp. v. Yer Song Moua*,[63] Moua argued that Rand failed to provide him with certain disclosures that are required, pursuant to 15 U.S.C. § 1639, to "be given not less than 3 business days prior to the consummation of the loan."[64] The court, assuming that Moua's contention was true, found that the Rand's action did not give rise to a three year right of rescission.[65] Because Rand did not completely fail to provide Moua with the mandated disclosures, but only failed to provide them until the date of closing, Moua did not have a valid basis for rescinding the loan nearly a year later.[66]

In the instant case, Fremont provided Fiorenza with all the necessary disclosure and rescission forms. Fiorenza's right to rescind the Loan, then, expired when she failed to notify Fremont of her desire to cancel the transaction before midnight of the third business day following consummation of the transaction. Fiorenza would have had an extended right to rescind the Loan only if Fremont never provided her with the material disclosures or the notice of right to rescind. Consequently, Fiorenza has failed to state a claim upon which

---

[63]     Civ. No. 07-510, 2007 WL 1576732 (D. Minn. May 30, 2007).

[64]     15 U.S.C. § 1639(b)(1).

[65]     *See Rand Corp.*, 2007 WL 1576732, at *5.

[66]     *See id.*

18

rescission of the Loan can be granted. I therefore grant defendants' motion to dismiss Fiorenza's first two causes of action.[67]

## B. Supplemental Jurisdiction

Fiorenza's complaint pled both federal and state law claims. However, as noted above, the federal claims have been dismissed. Consequently, I decline to exercise supplemental jurisdiction over Fiorenza's eight remaining state law claims. Because Fiorenza's remaining claims will turn on state law, the New York State Court will provide "a surer-footed reading of applicable law."[68]

## V. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted because Fiorenza has failed to state a valid claim of rescission pursuant to TILA. Moreover, state court is the proper forum for Fiorenza's state law claims. The Clerk of the Court is directed to close this motion (document no. 14 on the docket sheet) and this case.

---

[67]     In its Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Fiorenza has suggested that, alternatively, if Fremont provided her with the material disclosures prior to the closing, they differed so significantly from the final disclosures provided at the closing that Fiorenza may be able to avail herself of an extended right to rescind the Loan. However, because Fiorenza did not make this allegation in her complaint, the Court cannot consider this argument.

[68]     *Gibbs*, 383 U.S. at 1179.

19

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           June 19, 2008

**- Appearances -**

**Plaintiff:**

David M. Harrison, Esq.
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

**For Defendant:**

Kenneth J. Flickinger, Esq.
Knuckles & Komosinski, P.C.
220 White Plains Road, 6th Floor
Tarrytown, NY 10951
(914) 220-0155